## HINDE's Lessee *against* LONGWORTH.

Question as to the sufficiency of a certificate of acknowledgment of a deed at lands in Ohio.

In examining the admissibility of testimony in the Court above, the party excepting is to be confined to the specific objection taken at the trial.

Where a voluntary deed is impeached as fraudulent, evidence of judgments against the grantor is admissible as proof, (among other facts,) that he was indebted at the time of making the deed, although the grantee was not a party to the suits on which the judgments were obtained.

A voluntary deed is void as to *antecedent*, but not as to *subsequent* creditors.

ERROR to the Circuit Court of Ohio.

This was an action of ejectment brought by the plaintiff in error, · to recover the possession of the premises in the cause, described as *in lot No.* 107 *in the town of Cincinnati*. It appeared in evidence at the trial, that on the 28th of March, 1799, Thomas Doyle, sen. under whom both parties derived title, was seized and possessed of the lot in question. The lessor of the plaintiff claimed under a deed of that date from Thomas

Doyle, sen. to his son Thomas; and the defendant set up a title under a judgment against Doyle the elder, at the suit of John Graff, entered at the August term, 1799, of the Court of Common Pleas for the county of Hamilton. At the trial, three bills of exceptions were taken by the lessor of the plaintiff.

The first bill of exceptions stated, that the plaintiff in support of his action offered in evidence the deed from Doyle, sen. to his son, to the reading of which in evidence, the defendant objected, and the Court rejected it, as not being properly acknowledged. The certificate of acknowledgment was as follows: "Hamilton, ss. Personally before me, Thomas Gibson, one of the justices of the Court of Common Pleas for said County, the above named Thomas Doyle and —— Doyle his wife, who being examined separate and apart, acknowledged the foregoing deed to be her hand and seal, free act and deed, for the uses and purposes mentioned." Thomas Doyle only had signed the deed. His wife was not named as a party to the conveyance except in the conclusion of the deed as follows: " In witness whereof the said Thomas Doyle and —— his wife, who hereby relinquishes her right of dower in the premises, have hereto set their hands and affixed their seals, the day and year first above written." A seal was affixed to the deed, but no signature of the wife.

In the second bill of exceptions, the counsel for the plaintiff stated, that he claimed title under the same deed mentioned in the first excep-

tion by virtue of which Doyle the younger became seised of the premises in question, which had descended to the wife of the lessor of the plaintiff, to which facts he adduced proof to the jury. The bill of exceptions then proceeds to state, that the defendant, in order to prove that the deed was made with intent to defraud creditors, having read certain depositions to establish that fact, offered in evidence the records of two judgments recovered against Doyle the elder, one at the suit of John Graff, at the August term, 1799, of the Court of Common Pleas for the County of Hamilton, for upwards of 900 dollars; and the other in favour of Edward Shoemaker, at the October term, 1800, of the same Court, for 590 dollars. To which testimony the plaintiff objected, as incompetent evidence, upon the ground, that the proceedings in said suits had taken place between other persons than himself and Doyle, jun., and to which he was not a party. The objection was overruled by the Court, and the testimony admitted.

The third bill of exceptions stated, that after the admission of the evidence aforesaid, the judgment records,) and in order to repel the presumption of fraud in Doyle the elder, and to show that he had no intention to defraud creditors by making the said deed, but to prove that Doyle the younger, then an infant, was the creditor of his father, the plaintiff offered in evidence the depositions of certain witnesses. The bill of exceptions then proceeded to state, that the depositions were offered to rebut the evi-

1826.       dence of fraud in fact, and the evidence of a
Hinde's L's-  fraudulent intent in the grantor ; but the Court
   see       declared their opinion to be, that the last men-
    v.       tioned evidence offered for rebutting the charge
Longworth.   of fraud was inadmissible, and rejected the
             whole of the evidence so offered.

Upon these exceptions, a verdict and judgment having been entered for the defendant in the Court below, the cause was brought by writ of error to this Court.

*Feb.* 15th.     The cause was argued by Mr. *Scott*, for the plaintiff, and by Mr. *Webster* and Mr. *Hammond*, for the defendant.

On the part of the plaintiff, it was contended,

1. That the Court below erred in rejecting the evidence stated in the first bill of exceptions, of the acknowledgment of the deed from Doyle, sen.[a]

2. That there was error in admitting the evidence offered by the defendant, as stated in the second bill of exceptions, to impeach the deed for fraud. It was not fraudulent at common law prior to the statute 13 Eliz c. 5.[b] and that statute had never been adopted in Ohio.[c]

---

a  Co. Litt. 9 b.   3 Atk. Rep. 409.   2 Atk. Rep. 465.   Print. Dec. 184.   Dougl. Rep. 384.   Ambl. Rep. 194.   2 Burr. Rep. 193.   6 East's Rep. 486.   9 Mass. Rep. 218.   15 Johns. Rep. 109. 111.

b  Roberts on Frauds, 12—15. and note (c.) Id. 37. 116. 574. 1 Co. Rep. 93 b.   Dyer, 192 b. and 167 b.   10 Co Rep. 56. 2 P. Wms. 154. 157. 220.   Roberts on Frauds, 37. and note (p.)

c  Ordin. Cong. 1787. s. 1.   Laws of United States, vol. 1. p. 476.   2 Rev. Code, 302

3. The evidence stated in the third bill of exceptions was erroneously rejected, even supposing the statute 13 Eliz. c. 5. to be in force in the States which formed the territory northwest of the river Ohio. The statute 27 Eliz. c. 4. is construed more strongly in favour of purchasers, than that of 13 Eliz. c. 5. in favour of creditors. A mere voluntary conveyance, under the last mentioned statute, is only presumptive evidence of an intention to defraud creditors, and may be rebutted by countervailing testimony.[a] The authorities make a distinction between a conveyance to a stranger, and a conveyance to a child, for maintenance and advancement. The latter is not considered as voluntary.[b] It is necessary to prove that the grantor was indebted at the time of making the conveyance.[c] A voluntary settlement by a trader, who afterwards becomes bankrupt, is good against all subsequent creditors under the statute of Eliz., although it is void under the bankrupt laws.[d] Besides, there was, in this case, evidence that the grantee was the creditor of the grantor, his father; so that, though he was then an infant, the conveyance was not

1826.

Hinde's Lessee
v.
Longworth.

a 1 Lev. Rep. 150. 237. 1 Ventr. Rep. 293. 1 Ch. Cas. 99. 216. 2 Burr. Rep. 1072. Roberts on Frauds, 30. 191.

b Fonbl. Eq. 127. (n. 1.) Sugd. Vend. 420. 1 P. Wms. 112.

c 1 Atk. Rep. 94. 1 Ves. sen. Rep. 10. 2 Bro. Ch. Rep. 90.

d 8 Ves. Rep. 199. 1 Swanst. Rep. 106. Brownl. Rep. 189. 5 Ves. Rep. 384. Newl. on Contr. 385. 11 Mass. Rep. 421. 9 Mass. Rep. 390. Ambl. Rep. 596. 3 Dessaus. S. C. Rep. 1.

1826.  voluntary, but for a valuable consideration.[a]  If
Hinde's Les- it should be objected, that the evidence offered
   see    was contrary to the consideration expressed in
    v.
Longworth. the deed, the answer is, that the party may aver
and prove a consideration different from that
expressed in the conveyance, if it be consistent
with that expressed.[b]  And Courts will uphold
settlements made upon fair and *bona fide* induce-
ments, by every reasonable presumption in their
favour.[c]

On the part of the defendant, it was insisted,

That the statutes of frauds had been prac-
tically adopted in Ohio, by the Governor and
Judges, under the provision of the ordinance of
Congress of 1787.[d]  To adopt them, by reference,
without reciting them at large, has been the usual
mode of adopting and publishing the English
statutes which formed parts of the " laws of the
original States."  The common law itself is in
force only by virtue of the same adoption.  The
statutes of frauds having been heretofore gene-
rally acted upon, and considered as in force, the
validity of their adoption and promulgation hav-
ing never been doubted, ought not now to be
drawn in question.  The construction of the
statute as to voluntary conveyances has been set-
tled by this Court.  It applies as well to cases
where the conveyance was made in contempla-

a  *Co. Litt.* 2 b.   2 *Lev. Rep.* 217.

b  *Phill. Evid.* 425, 426. and the authorities there cited.

c  *Roberts on Frauds,* 80. 149.  2 *P. Wms.* 245.  *Cas. Temp. Talb.* 64.   1 *Atk. Rep.* 188.

d  *Ohio Land Laws,* 322.

tion of creating a debt, immediately afterwards contracted, as of debts actually existing at the time.[a] But, here, copies of the accounts, upon which the judgments were recovered, are spread upon the record, by which it appears, that the causes of action on the part of the creditors of the grantor, arose before the date of the deed. The deed itself distinctly stating the consideration upon which it was made, proof of a different consideration was inadmissible.[b] If the deed was not properly acknowledged and recorded, it was not notice to the party claiming against it.[c] The records of the judgments were admissible in evidence to impeach the validity of the deed, as showing, among other facts, that the grantor was indebted at the time it was executed. The maxim of *res inter alios acta* could not be applicable to this testimony, any more than to other evidence of the grantor being indebted at the time.

**Mr. Justice Thompson** delivered the opinion of the Court.

The premises in question in this cause, are described as in lot No. 107. in the town of Cincinnati; and, it is admitted on the record, that on the 28th day of March, 1799, Thomas Doyle, sen. was seised and in possession of this lot. Both

*1826.*
*Hinde's Lessee*
*v.*
*Longworth.*

*Feb. 23d.*

---

a Sexton v. Wheaton, 8 *Wheat. Rep.* 242.

b 2 *P. Wms.* 203.   7 *Johns. Rep.* 341.   1 *Ves. sen. Rep.* 128. 1 *Johns. Ch. Rep.* 341.

c 2 *Binn. Rep.* 44. 51.   4 *Wheat. Rep.* 486.

1826.

Hinde's Lessee
v.
Longworth.

parties derive title under him. The lessor of the plaintiff claims under a deed of the date above-mentioned, from Thomas Doyle, sen. to his son Thomas. And the defendant sets up a title under a judgment against Doyle the elder, in favour of John Graff, entered in August, 1799. Upon the trial, the validity of the deed from Doyle the elder to his son was the main subject of inquiry. Three bills of exception were taken on the part of the lessor of the plaintiff, and a verdict entered by consent for the defendant, and the case is brought here by writ of error to the Circuit Court for the District of Ohio.

1. The first bill of exceptions relates to the acknowledgment of the deed from Doyle the elder to his son. This was deemed by the Court insufficient, and the deed rejected. In the second bill of exceptions, however, the counsel for the plaintiff stated again, that he claimed title under the *same deed* mentioned in the first exception, by virtue of which Doyle the younger became seised in fee of the premises in question, and which had descended to the wife of the lessor of the plaintiff, to which facts he adduced proof, which was submitted to the jury, and to which proof no objection appears to have been made on the part of the defendant. What that proof was is not stated, but we must presume it to have been enough to prove the due execution of the deed, both because it does not appear to have been objected to, and because the defendant went into evidence to show the deed was fraudulent and void, which would have been al-

together irrelevant if the deed had not been suf-    1826.
ficiently proved to be submitted to the jury. Hinde's Les-
This might supersede the necessity of this Court    see
expressing any opinion upon the sufficiency of Longworth.
the acknowledgment of the deed ; because, ad-
mitting the Court below erred in rejecting it in
the first instance, still, as it was afterwards, in the
progress of the cause, duly proved, the judgment
would not be reversed on account of that error,
if this was the only question in the cause.

We notice this point only to correct what we
consider a misapprehension of the plaintiff's
counsel as to the practice in cases of this kind.
But, as this cause must be sent back to another
trial, it is deemed advisable to express an opi-
nion upon the sufficiency of this acknowledgment,
the certificate of which is as follows : " Hamilton,
ss. Personally before me, Thomas Gibson, one
of the Justices of the Court of Common Pleas
for said county, the above named Thomas Doyle,
and —— Doyle his wife, who being examined
separate and apart, acknowledged the foregoing
deed to be *her* hand and seal, free act and deed,
for the uses and purposes mentioned." The
question is, whether this can be taken for the
acknowledgment of Thomas Doyle. He only
has signed the deed. His wife is not named as a
party in any manner, except in the conclusion,
which is as follows : " In witness whereof, the
said Thomas Doyle, and —— his wife, who
hereby relinquishes her right of dower in the
premises, have hereto severally set their hands,
and affixed their seals, the day and year first

above written." A seal is affixed to the deed,
but no signature.

The certificate is insufficient, unless it contains
enough to show, with all reasonable certainty,
that, in *point of fact*, Thomas Doyle did appear
before the officer and acknowledge the deed.
And this, we think, it does not show. It does
not even state expressly, that Thomas Doyle ap-
peared before the officer ; but if that is to be in-
ferred, the purpose for which he appeared is not
stated, so that nothing can be inferred from the
mere fact of appearance. It does not set forth
that he, in point of fact, did acknowledge the
deed, or did any one act that might by possibility
be construed into an acknowledgment. The
certificate does state that the *wife did acknowledge*
the deed, which, if true, necessarily implies, that
*she* appeared before the magistrate, although that
fact is not stated. The form of the certificate is
adapted to the acknowledgment of the wife. It
states, that being examined separate and apart,
she acknowledged the deed to be *her* hand and seal,
free act and deed. The relinquishment of dow-
er, and the affixing of the seal, show that she
was intended to be made a party ; and if the
Court was at liberty to conjecture, or indulge
any intendment about the real fact, it would be
as reasonable, if not more so, to infer, that the
wife did appear, and make the acknowledgment
certified, and by mistake omitted to sign the
deed, than that the husband acknowledged it.
But the certifica.. of acknowledgment ought not
to be left in such uncertainty. It is *ex parte* proof

The certificate
of acknow-
ledgment in-
sufficient to
prove the exe-
cution of the
deed.

of the deed; and it ought to appear with all reasonable certainty, that the requisites of the law had been complied with. The deed was, therefore, properly rejected in the first instance.

2. The second bill of exceptions necessarily presupposes that the deed was in evidence before the jury. For it states, that the defendant, in order to prove that the deed was made with intent to defraud creditors, and, therefore, void, having read some depositions to prove that fact, offered in evidence the records of two judgments recovered against Doyle the elder; one in favour of John Graff, on the first Tuesday in August, 1799, for upwards of 900 dollars, and the other in favour of Edward Shoemaker, in October term, 1800, for about 500 dollars. To the admission of which the plaintiff's counsel objected as incompetent evidence, on the ground that these were proceedings *inter alios*, to which Doyle the younger was in nowise a party. The objection was overruled, and the evidence admitted.

<span style="float:right">Second exception.</span>

It will be perceived, that the objection to the evidence was specifically placed on the ground, that Doyle the younger was not a party to the judgments. And it may well be questioned, whether, when the purpose for which the evidence is offered is specifically avowed, the Court will look at it in any other point of view, or inquire whether it might not be proper for some other purpose. As a general rule, we think, the party ought to be confined, in examining the ad-

<span style="float:right">In examining the admissibility of testimony, the party excepting is to be confined to the specific objection taken at the trial.</span>

1826.

Hinde's Les-
see
v.
Longworth.

missibility of evidence, to the specific objection taken to it. The attention of the Court is called to the testimony in that point of view only; and, to admit an inquiry afterwards, whether the evidence might not have been admissible for some other purpose, would be sanctioning a course of practice calculated to mislead.

It is unnecessary, however, in this case, to put the question on that ground, for the evidence was admissible in whatever light the objection is taken.

Evidence of the judgments against the grantor admissible to impeach the deed as fraudulent.

The consideration expressed in the deed from Doyle the elder to his son, is *natural love and affection,* and the judgments were introduced to show that the grantor was in debt at the time of giving the deed, which, as was contended, would render it void as against creditors. This was, therefore, necessarily, an inquiry into matters to which the grantee in the deed was not a party. It was certainly competent for the defendant to show that the grantor was indebted at the time he made the conveyance ; this was a necessary step towards establishing the fraud ; and if these judgments conduced to prove that fact, they could not be sh at out as incompetent evidence . The extent and effect of the evidence was matter for the jury. If the evidence ought to have been excluded because Doyle the younger was not a party to the judgments, the same objection would have lain against the proof of his being in debt to others in any manner whatever; that would have been equally an inquiry into matters to which the grantee in the deed was not a party.

There was, therefore, no objection to the evidence on this ground.

The judgments appear to have been entered some short time after the date of the deed, and it is said, that a voluntary deed is void only as to antecedent, and not subsequent creditors, unless made with a fraudulent intent; and this appears to be the doctrine of this Court, as laid down in *Sexton* v. *Wheaton*, (8 *Wheat. Rep.* 242.) after a review of the leading authorities on this question. But copies of the accounts upon which the judgments were founded, are spread upon the record, by which it appears, that the cause of action arose before the date of the deed. If these accounts did not properly form a part of the record, according to the course and practice of the Court where the judgments were entered, a specific objection should have been made to their being received in evidence, which would have led to the inquiry whether they properly formed a part of the record; but, as the question is now presented to this Court, we cannot say that these accounts are to be stricken out of the record. They may be looked to for the purpose of showing that Doyle the elder was in debt at the date of the deed; but, whether to an extent which would avoid the deed, must depend on circumstances which are not to be inquired into by this Court. There was no error, therefore, in the admission of this evidence.

3. The third exception arises on the rejection of certain depositions offered in evidence on the part of the plaintiff. The introductory part of

1826.

Hinde's Lessee
v.
Longworth.

A voluntary deed is void only as to *antecedent*, and not as to *subsequent* creditors. *Sexton* v. *Wheaton*, (*Ante*, vol. VIII. p. 242.) But, here, the evidence showed, that the cause of action arose before the date of the deed, and, therefore, it was evidence to be left to the jury, to prove that the grantor was indebted at the time of the execution of the deed.

1826.

Hinde's Lessee

see

v.

Longworth.

*The evidence offered by the plaintiff to repel the presumption of fraud, was admissible, it having been offered for the double purpose of showing that D. the younger was a creditor of his father, and, also, to show the situation of D. the elder, in point of property, at the time the deed was executed.*

the bill of exceptions sets out, "that after the admission of the evidence aforesaid, (the judgment records,) and in order to repel the presumption of fraud in Doyle the elder, and that he had an intention to defraud creditors by making the said deed, but to prove that Doyle the younger was the creditor of his father, the evidence was offered."

The concluding part of the bill of exceptions alleges, that the depositions were offered to rebut the evidence of *fraud in fact,* and the evidence of a *fraudulent intent* in the grantor, Doyle the elder. But the Court declared their opinion to be, that the last mentioned evidence, offered for rebutting the charge of fraud, was inadmissible, and rejected the whole of the said evidence so offered.

Looking, then, as we must, to the whole bill of exceptions, to collect its true meaning and import, we must understand the evidence to have been offered for the double purpose of showing that Doyle the younger was a creditor of his father, and that by reason thereof, although the consideration in the deed purported to be natural love and affection, it could not be considered as given with intention to defraud creditors; and, also, to rebut the evidence of fraud in fact, and to show the character and situation of Doyle the elder in point of property, at the time he executed the deed in question.

If the testimony offered was admissible for either of the purposes above stated, the Court erred in rejecting it.

That the evidence was proper for the latter purpose, cannot be questioned. The charge against the grantor was, that he was guilty of *fraud in fact* in making the deed to his son; that it was done for the express purpose of defrauding his creditors; and it was proper evidence, therefore, to rebut this allegation, to show that the grantor had the means of paying his debts independent of the property conveyed to his son. Whether the evidence would have made out that fact to the satisfaction of the jury, is not for this Court to inquire. If it conduced to make out that fact, it should have been submitted to the consideration of the jury. A deed from a parent to a child, for the consideration of love and affection, is not absolutely void as against creditors. It may be so under certain circumstances; but the mere fact of being in debt to a small amount, would not make the deed fraudulent, if it could be shown, that the grantor was in prosperous circumstances, and unembarrassed, and that the gift to the child was a reasonable provision according to his state and condition in life, and leaving enough for the payment of the debts of the grantor. The want of a valuable consideration may be a badge of fraud, but it is only presumptive, and not conclusive evidence of it, and may be met and rebutted by evidence on the other side. The evidence offered to show that Doyle the elder was indebted to his son to an amount equal to the value of the property conveyed to him, was declared also to be for the purpose of repelling the presumption

of fraud in fact, and to show that there could have been no such intention to defraud his creditors, by putting his property out of their reach, without receiving any real and adequate consideration for it. Doyle the elder might have sold the land to his son, or to a stranger, for a valuable consideration, and given a good title for the same, although his debts might have been double in amount to the value of his property, unless his creditors had acquired a lien upon it. It would have been no fraud in judgment of law against his creditors, for him to have paid *one*, and left the *others* unpaid. Had the evidence been offered for the purpose of showing that the deed was given for a *valuable consideration*, and in satisfaction of the debt due from the father to the son, and not for the consideration of *love and affection*, as expressed in the deed, it might well be considered as contradicting the deed. It would then be substituting *a valuable* for *a good* consideration, and a violation of the well settled rule of law, that parol evidence is inadmissible to annul, or substantially vary, a written agreement.

But that was not the object for which the evidence was offered, or the effect it was intended it should have. It could not, in any respect, vary or alter the deed, or give to it a different construction or operation between the parties to it. The defendant had attempted to invalidate the deed by going into proof of circumstances out of the instrument itself, and unconnected with it, and which circumstances, it was con-

1826.

Hinde's Lessee
see
v.
Longworth.

Evidence admissible to show another consideration than that expressed in the deed, if not inconsistent with the consideration expressed.

tended, showed a fraudulent intention in the 1826.
grantor, in conveying the lot in question to his Littlepage
son. And the evidence of the father's being    v.
indebted to the son, was to meet, and repel, the Fowler.
presumption of fraud which was attempted to
be raised against the deed by reason of such ex-
trinsic circumstances. The evidence which has
been admitted to show the fraud, and that which
was offered to rebut it, related to *collateral* and
independent facts unconnected with the deed,
and could not, therefore, in any manner, vary
or alter its terms.

The third exception was, accordingly, well
taken. The judgment of the Court below must,
therefore, be reversed, and the cause remanded,
with directions to issue a *venire de novo*.