Birchard, O. J.
One question only was determined on the trial upon the circuit, to wit, that the plaintiff could not offer evidence to prove a consideration contradictory to, and different from that expressed in the deed from Samuel Burrage to his wife and children. If the court erred upon this point, a new trial should be granted, otherwise judgment should bo entered upon the verdict.
Both parties claimed title under Samuel Burrage, who was the common source. The consideration expressed in the deed under which the lessor of plaintiff hold, was as follows : “ for the consideration of $3,000 received to my full satisfaction of" said grantees, naming them.
The defendant held under a sheriff’s deed, the title being under Burrage, but junior to the plaintiff’s deed, which they impeached by proving that no consideration had ever passed as expressed in the deed from Burrage’s wife and children to him. That he had always used and occupied the premises as his own, until he sold and couveyed to Fulton in 1837, under whoso mortgage the defendant had acquired by sheriff’s sale a valid title. It is said by counsel, that the ruling of the court upon the circuit is not founded in reason or authority, because the proof did not impeach the deed; it did not show that it was fraudulent. We can not subscribe tc *371 this assumption. It is not true in fact, but if it were true, the evidence offered in support of the deed was properly rejected ; for if the deed was unimpeached, it needed no extrinsic evidence for its support. Upon that hypothesis the evidence offered and rejected was merely irrelevant, and should have been ruled out for that reason.
But proof that the consideration had not ever been paid, that it was still due, would have shown at least that the grantor had a vendor’s lien upon the land for the purchase money and interest. His continual use of the promises for *many years, and till their deed was forgotten; his absolute control over the land, and his subsequent sale and conveyance of it for full value, tended to show pretty conclusively, that the original conveyance was made subject to a secret trust to his own use, to be enforced by the voluntary consent of his wife and children, or as vendor by establishing his lien for the purchase money against their consent, through the intervention of the legal tribunals. The case made then by the proof, was prima facie a case of a deed impeached for fraud—• of a deed successfully assailed and rendered null and void on account of fraud ; and the question is, can such a deed be restored by proof which directly contradicts it, and shows that it held forth upon its face, and from the beginning, a false statement.
Love and affection is a good consideration for a deed. The grantor, however, did not profess to have conveyed upon any consideration of that kind. The grantees did not receive the deed upon those terms, but in consideration of $3,000 paid, or to be paid. And as between the grantor and the grantees, what the deed expressed, was the evidence of their contract. Neither sound principles, nor the statute of frauds and perjuries, would permit them to alter or vary it by parol. It would introduce a rule productive of great mischief, to permit a written instrument of so solemn a nature as a deed of bargain and sale, to depend upon the inventive recollection of any witness, and to allow titles to be set up by oral testimony in opposition to the written and recorded evidence required by statute. So far from being unfounded in reason, it would be difficult to imagine anything more directly in conflict with reason and principle, than to permit a deed thus assailed to be set up, by proving it false upon its face. How stand the authorities? The first case cited by plaintiff is Hinde’s Lessee v. Longworth, 11 Wheat. 213. In that case the deed was from a father to a son, for *372 the consideration expressed in the deed of natural love and affection. There was no proof that the expressed consideration did not exist. No attempt was made *to show that the son and father had not mutual love for each other. The deed was assailed for fraud in fact, and to rebut the evidence of the fraudulent interest in making the deed proof of indebtedness of the father to the son was offered, and by the Supreme Court held admissible, for the purpose of repelling the presumption of fraud; but the court sayón the point now before us: “Had the evidence been offered for the purpose of showing that the deed was given for a valuable consideration, and in satisfaction for the debt due from the father to the son, and not for the consideration of love and affection, as expressed in the deed, it might well bo considered as contradicting the deed. It would then be substituting a valuable for a good consideration, and a violation of a well-settled rule of law, that parol evidence is inadmissible to substantially varya written agreement.” If this authority means anything, it is pointedly against the doctrine contended for, and fully sustains the circuit decision in this case.
The next case quoted is Brice v. Myers, 5 Ohio, 121. The deeds in that case expressed a consideration of $1,000. The consideration in fact was natural love and affection, and an annuity of twenty dollars. They were held fraudulent as to creditors. But the question made in this case was not hinted at in that, and could not have arisen, for there was a valuable consideration to sustain those deeds, to wit, the annuity. And, although different in amount, it was the same in kind as that expressed in the deeds. Sundry other authorities which have been cited, and they are numerous, seem to be to this effect: That a voluntary conveyance-to a child is not fraudulent- under certain circumstances, etc. As the cases can have no very distinct bearing upon the point before us, it is not necessary to notice them particularly. The case referred to in Bailey, we are not able to find, not having the book before us, and can not say but it fully sustains the position of plaintiff. If it does, however, sustain him, we think we hazard very little in asserting that it stands alone, and is unsupported by the general course of decisions in any oourt of last resort, either in ^-England or any of the states of this Union, and is also unsustainable upon any safe or sound principle. In the Bank of the United States v. Housman, 6 Paige, 535, the vice-chancellor *373 held as to three deeds given for an expressed money considera^ tion, when in fact there was no consideration but that of blood or natural affection, that the deeds must fail, and were effectual for no purpose whatsoever. On appeal, the chancellor reversed the decree as to two of the deeds, and held them effectual as covenants to stand seized of the premises to the use of the grantees. As to the third deed, he held that it was a case in which the grantee was not permitted to rebut the prima facie evidence of fraud arising from the apparent nature of the transaction, by covenants or evidence contradicting the deed under which he claimed, because the father had remained in possession notwithstanding the deed, leaving those with whom he was doing business and contracting debts, to suppose ho was the real owner. Whether we are to consider the decision of the chancellor, or of the vice-chancellor, as the better law, it matters not as it may affect this case ; for if the opinion of either be taken as giving the correct rule, it will not help the plaintiff. Burrago not only remained in possession, notwithstanding the deed, and contracting debts on the credit of the estate, but he actually sold and conveyed it as owner. Applying the rule of the chancellor, and the case was one in which evidence to contradict the deed could not be given. This is a much stronger case than the deed to which the chancellor applied the rule. In Clarkson v. Hannoy, 2 P. Wms. 103, the consideration expressed in the deed was a twenty pounds annuity. There was evidence that the grantor was a weak man, and had been imposed upon, to rebut which it was offered to prove an additional consideration of blood and affection; but the master of the rolls said “ it would be of mischievous consequence, and liable to the danger of perjury, which the statute of frauds intended to prevent, to suffer parol evidence, to prove blood and kindred to have been the consideration.” The above was affirmed by Lord Macclesfield on Appeal.
* Chancellor Kent, in Hildreth v. Sands, 2 Johns. Ch. 43, says “ a deed brought forward as founded on a valuable consideration, can not be set up as a gift or voluntary conveyance. The party is bound by the consideration alleged. There is no doubt of the rule,” and he cites Lord Hardwicke and Lord Redesdale to sustain him. 2 Ves. 628; 2 Sch. & Lef. 501.
Phillips, in his treatise on Evidence, vol. 1, p. 549, says: “It is an established rule that a party may aver another consideration, *374 which is consistent with the consideration expressed, but no covenant can be made contrary to, or inconsistent with, that expressed in the deed and in the notes by Cowen & Hill, numerous authorities are referred to in support of this text, and to show what are the exceptions to tho rule. They all sustain tho dictum of the Supreme Court of the United States, in Hinde’s Lessee v. Longworth, and seem to settle the doctrine upon the only point in this case, and consequently the motion for new-trial. For if the consideration could not be proved, any other testimony offered on the trial could Dot have aided the plaintiff, and the jury should not have been required to waste their time and patience in listening to it.
New trial refused ; judgment for defendant.