Gardiner, J.,
delivered the opinion of the court.
The conveyance by Laing to Mrs. Roe of the lot and store in Washington-street was made at the request of herhusband, who paid and engaged to pay the whole purchase money to the vendor. As between husband and wife the deed was without consideration and wholly voluntary. The previous agreement between Roe and Laing, of the 3d of February, 1847, in relation to the premises, would not relieve the conveyance from this character, had the answer setting it up been "in this particular responsive to the bill, which is not the case, or had the "contract been put in evidence by the defendants under the issue formed by the pleadings. That agreement may therefore be laid out of consideration in the determination of the cause; and the question will be, was the deed above mentioned, or the trust created for the benefit of Mrs. Roe by the conveyance to Caswell, either or both of them, fraudulent as to the creditors of her husband?
The fourth section of the act (2 R. S., 127) declares that “any conveyance or charge shall not be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded upon a valuable consideration.” This section was declaratory of the rule of law established in Seward v. Jackson (8 Cow., 422) and in Hinde's Lessee v. Longworth (11 Wheat., 199). In Reade v. Livingston (3 John. Ch. R., 481) it had been previously decided that if the party making the conveyance be indebted, at the time of the voluntary settlement, it should be presumed to be fraudulent in respect to such debts, and no circumstances would permit those debts .to be affected by the settlement, or repel the legal presumption of fraud.
In 11 Wheat, (supra) the court say that a voluntary deed is not absolutely fraudulent. If it can be shown that the grantor was in prosperous circumstances and unembarrassed, and that the gift was a reasonable provision according to his state and condition in life, and leaving enough for the payment of the debts of the grantor, the presumptive evi *231 dence of fraud would be met and repelled. Tested by these principles, I entertain no doubt that the trust and conveyance were both void as to creditors.
The deed from Laing to Mrs. Roe was dated on the 1st of May, 1847. Roe does not deny that he was deeply in debt at the time; he denies that he was insolvent. The extent of his obligations may be inferred from the fact that fifty days subsequent to that conveyance he was utterly insolvent, and has so continued to the commencement of this suit. He states that when the debt to the complainant was contracted he was solvent, and that his insolvency was owing to the sudden fall in the price of grain, &c. The result of his allegations is, that although he was largely in debt, yet if the article in which he traded had advanced in price, or if its value had continued as he had reason to suppose when his indebtedness accrued, he would have been solvent and would have had a surplus.
All this might be stated, and with truth, by the most reckless speculator that ever hazarded the property of others on the contingency of a fluctuating market. When the purchase was made of the plaintiff, Roe states that he believed he was solvent, and for some days subsequent, and fully able to discharge his debts and liabilities at maturity, but he does not allege that he had or believed that he had one dollar of capital or property for which he had paid, to which his creditors might resort in case his speculation should result, as it did, disastrously. In this situation, with poverty or riches depending upon the intelligence to be brought by the next steamer, he did not think it dishonest to make a provision for his family by conveying his life interest in the property to his son-in-law in trust for his wife.
He denies, therefore, that this trust was fraudulent, and of course that the previous deed from Laing to Mrs. Roe, of the first of May, was designed to defraud his creditors. He does not deny that at both periods his existing indebted *232 ness'‘¿ailed for all tiis-property, or that if the conveyance or trust is upheld,' so much as is devoted to his wife will be withdrawn from those who were then his creditors.' If so, the transaction was fraudulent. '
To avoid the conveyance’and trust to and in favor of his wife, it was not necessary that the debtor should be insolvent, or believe himself to be-so, when they were executed or created. It was sufficient that he was indebted, and that insolvency would' be the inevitable or probable result of want of success in the business in which he was engaged. He could not, ‘ legally or honestly, in this manner provide for himself or family, and cast upon his creditors the hazard of his speculation..' ■
The_decree must be reversed, and the deed to Mrs. Roe, of the first óf May, and the trust for her benefit, declared void as against the complainants.
All the judges concurred.'
Judgment accordingly.