## COUNTY OF WASHINGTON.

HAPGOOD *versus* FISHER *& als.*

A sale of property by a *debtor* is not necessarily to be held fraudulent and void as to creditors, although a contract for his own *future support* be a part consideration of the sale.

Thus, such a sale will be sustained, if the vender retained other property, sufficient for the payment of his debts.

A deposition, impeaching the general reputation of an opposing witness for truth, cannot be excluded, although it also shows that the reputation was founded upon the witness' neglect to perform his agreement.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

ASSUMPSIT upon an accountable receipt, given to a deputy sheriff, for cattle attached on writ.

The defence was that the cattle were not the property of the defendant in that suit; that, though formerly his, he had, several years before the attachment, sold them to his son. The plaintiff contended that the sale was fraudulent and void, as to the creditors of the father. The father was indebted at the time of the sale, and it appeared from the testimony that a part of the consideration of the sale was an arrangement, by which the son was to board and support the father.

The Judge was requested to instruct the jury that, if the purpose of the sale was in part to secure the maintenance of the father, he then being indebted, it was void as to the plaintiff. This request was refused. To that refusal the plaintiff excepted.

In a deposition, used by the defendant, the deponent, in answer to an interrogatory, stated that the reputation of an opposing witness for truth was " not very good."

On cross-examination, he stated, that the complaint against the witness was for not fulfilling his agreements. The plaintiff objected to these parts of the deposition as evidence.

But they were admitted. To that admission, the plaintiff excepted.

*D. T. Granger*, for the plaintiff. The requested instruction ought to have been given. *Rollins* v. *Mooers*, 25 Maine, 192 ; *Smith* v. *Smith*, 11 N. H. 460 ; *Cram* v. *Stickles*, 15 Verm. 252 ; *Jones* v. *Spear*, 21 Verm. 426 ; *Tyner* v. *Somerville*, 1 Smith, (Indiana,) 149.

The impeaching part of the deposition should have been excluded, as it related wholly to the witness' non-performance of his engagements. 1 Greenl. on Ev. 512, § 46; *Inhabitants of Phillips* v. *Inhabitants of Kingfield*, 19 Maine, 375.

*Fuller*, for the defendants.

WELLS, J. — The question of fact tried by the jury was, whether the property attached belonged to David Fisher the debtor, or his son David Fisher, jr. It was sold by the father to the son in 1832, and was attached as the property of the father in 1840, to secure a debt, which originated in 1831. A part of the consideration of the sale was to be paid in supporting the father for a limited period, and a part in the payment of his debts.

The Judge was requested to instruct the jury, "that if they should be satisfied, that it was a part of the arrangement between D. Fisher and D. Fisher, jr., that the property should be paid for in supporting the father, the purpose being in part to secure the maintenance of the father, he being indebted, the transfer would be void."

The requested instruction does not embrace an inquiry into the effect of a conveyance merely voluntary, where there is no valuable consideration. Whether such a conveyance should be regarded as absolutely void in law, or only *prima facie* fraudulent and open to explanation, against prior creditors, is a question upon which the authorities are not in harmony. *Reade* v. *Livingston*, 3 Johns. Ch. 481 ; *Hinde's Lessee* v. *Longworth*, 11 Wheat. 199 ; *Seward* v. *Jackson*, 8 Cowan, 406 ; Story's Eq. Jur. § 354, *et sequen.* But the

Hapgood *v.* Fisher.

request is based upon the ground, that a part of the consideration was the future support of the father. That would not be a voluntary consideration, but a valuable one to be paid by the grantee. Then the question would arise, whether the conveyance was made in good faith towards the creditors of the grantor. The consideration might be in part to secure the support of the grantor, and he might be indebted, and still the conveyance be good. The existence of these facts alone would not necessarily render it void. For the owner of property has the right to dispose of it as he may think proper, if he does no wrong to his creditors. And if he should retain property amply sufficient for the payment of all his debts, he would have an undoubted right to contract for his future support for a longer or shorter period. If a man in solvent circumstances should sell a part of his property, and agree to receive the price in board, the law would not declare the contract fraudulent and void against an existing creditor.

When one sells property to create a fund for his maintenance, without reserving sufficient means to pay his existing debts, such conduct is so manifestly unjust, that he is evidently guilty of an actual fraud. Such an act would fall within the 13 Eliz. c. 5; "the end, purpose and intent to delay, hinder or defraud creditors" would be quite apparent. But if he retains an abundance of property to discharge all his obligations, the sale could not be considered as a fraud in law. The jury must settle the question of fraud by an examination into all the facts and surrounding circumstances.

In *Twyne's case*, 3 Coke, 82, it is said, that "when a man, being greatly indebted to sundry persons, makes a gift to his son or any of his blood, without consideration but only of nature, the law intends a trust between them, scil., that the donee would, in consideration of such gift being voluntarily and freely made to him, and also in consideration of nature, relieve his father and cousin, and not see *him* want, who had made such gift to him," &c.

In *Smith* v. *Smith*, 11 N. H. 460, it is said by PARKER, C. J. "it is an attempt to secure to the grantor a support dur-

ing life out of his property, to the prejudice of his creditors. Any person who takes such conveyance should take care that the existing debts of the grantor are paid, &c. Or, at least, show that full means for that object were left in the possession of the grantor, which the creditors may levy upon, or have lost by their own negligence." It is not enough to make the transfer void, that it was " in part to secure the maintenance of the father, he being then indebted." For he might have had sufficient property besides that conveyed to pay all his debts ; it might have been to a large amount, and the debt have been small. The terms of the requested instruction cannot be changed by an examination of the facts, which were presented to the jury. The propriety of it must be determined by its own language.

The testimony elicited upon the cross-examination of Increase Fisher showed, that the reputation of David Blanchard for truth and veracity related to his not fulfilling his agreements. The Judge could not properly exclude the testimony in chief, which was admissible as responsive to the general question, and the jury had the right to judge of it in connection with the subsequent explanation.

No objections are made to the instructions which were given.

SHEPLEY, C. J., RICE, HATHAWAY and APPLETON, J. J. concurred.          *Exceptions overruled.*