Martin, J.
This action was in the nature of a creditors’ bill.- Its purpose was to set aside certain transfers of real and personal property, made by the defendant Mary E. Bent to the defendant Myron H. Bent. The alleged ground for relief was that substantially the only consideration for such transfers was an agreement by the defendant Myron for the future support of his mother, the defendant Mary E. Bent, and that they were made with an intent to hinder, delay, and defraud her creditors. On the trial the court found that the equitable title to the real estate in question was in the defendant Myron H. Bent, as heir at law of his deceased father, subject only to his .mother’s right of dower therein; that Myron, at the death of his father, was about 10years of age; that after his father’s death his mother and her co-administrator used, occupied, and rented the real and personal property of which his father died possessed, and collected and appropriated such use and rents; that they also caused the title of the real property described in the complaint to be changed so that it stood in the name of said Mary; that such .co-administrator died, leaving said Mary the sole surviving administratrix of his father’s estate; that, upon his arrival at the age of 21 years, the defendant Myron applied to his mother for a settlement of the matters arising out of his interest in such real and personal property, and the rents and use thereof; that they thereafter had a settlement, whereby it was found and agreed that, after deducting the value of the board, clothing, schpoling, and other expenses furnished and paid by his mother for him, there was due Myron, from his mother therefor, the sum of $7,253.91; that to discharge a portion of thi§, indebtedness she in form transferred to him the personal property remaining of his father’s estate, and the real estate in question, which were the transfers sought to be set aside; that the property thus transferred was of the value of .$6,649.13; that at the time of the settlement, but after the terms of such settlement had been agreed upon, at the solicitation of his mother, Myron entered into a written agreement with her to support and maintain her during her life, but that this agreement in fact formed no part of the consideration actually paid by said Myron for such transfers; that the transfers of the real estate in question were not fraudulent; and the court declined to find that the transfers of the personal property were fraudulent.
With the findings of the court we are satisfied. We think they are fairly sustained by the evidence, and that the judgment appealed from should be affirmed, unless the agreement by Myron to, support his mother renders the whole transaction void as to her creditors. The appellant contends that, as *751 the agreement of Myron to support his mother was a part of the consideration for the transfers to him, and as he knew of the existence of the plaintiff’s claim, the transfers were void as to the plaintiff. If the agreement for support had formed the whole or a part of the consideration for such transfers, it would perhaps have rendered them void as to the creditors of Mrs. Bent. But the weakness of the appellant’s contention lies in the fact that the court, upon sufficient evidence, has expressly found that that agreement formed no part of the actual consideration for the transfers which are sought to be set aside.
Assuming, then, as we must, that Myron paid full value for the property transferred, and in addition agreed to furnish his mother her future support, which formed no part of the consideration, the question is whether, under these circumstances, the provision for her support renders the transfers void as to her creditors. In this case it is difficult to discover in what manner the creditors of Mrs. Bent have been injured or defrauded by such agreement. The transfers were made in good faith, for a full, valuable, and independent consideration, and we see no just reason for complaint by the creditors because Myron gratuitously agreed to assume the additional burden of supporting his mother. A similar question was involved in the case of Albee v. Webster, 16 N. H. 362, and it was there held that if it could be shown that the grantee had paid or secured to the grantor the full value of the land, apart from the agreement to maintain, and this was done without any design or intent to defraud or delay creditors, and in such a manner that, standing alone, creditors could not except to it, the addition of an obligation to maintain the grantor, or members of his family, would not avoid the conveyance. See, also, Slater v. Dudley, 18 Pick. 373, 375; Vial v. Mathewson, 34 Hun, 70; Griffin v. Cranston, 1 Bosw. 281, 10 Bosw. 1.
We are of the opinion that the learned trial judge was right in holding that, under the circumstances disclosed by the evidence, the agreement for the support of Mrs. Bent did not render the transfers in question void as to her creditors, and that the plaintiff’s complaint was properly dismissed. It therefore follows that the judgment herein should be affirmed. Judgment affirmed, with costs. All concur.