[No. 6054.]

BURNELL v. OLMSTED.

1. **Fraudulent Conveyances—Promise of Support to Grantor** —A conveyance from mother to daughter upon adequate consideration is not vitiated by a subsequent promise of the daughter to support the mother. The subsequent promise, is, in such case a mere gratuity, and in no legal sense affects the validity of the conveyance.—(69)

2. **Pleadings—Amendment**—To a creditor's bill assailing as fraudulent a conveyance by mother to daughter, the daughter's answer set up payment of the full value of the premises, and as an additional consideration, a promise on her part to support the mother during her natural life. The evidence showed that this promise was made after the conveyance had been delivered, and so was a mere gratuity.

Held proper to allow an amendment of the answer to accord with the evidence.—(69, 70)

*Appeal from Arapahoe District Court*—Hon. A. H. DE FRANCE, Judge.

Mr. WILLIAM T. ROGERS, and Mr. W. J. WEEBER, for appellant.

Mr. J. A. FOWLER, and Mr. HENRY C. ALLEN, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action by plaintiff below, Frank A. Burnell, appellant here, against the defendants below, Maggie Olmsted and Maud Olmsted, appellees

here, to set aside and cancel a deed of conveyance of certain real property situate in the town of Littleton, Colorado, from the said Maggie Olmsted to the said Maud, mother and daughter respectively, as being fraudulent and void as to said plaintiff, a judgment creditor of the said Maggie. It is charged, as grounds for the relief prayed, that the conveyance was voluntary and without consideration, made with the intent and purpose of placing said property beyond the reach of execution, and that the said Maud was a party to the transaction, with full notice of the intended fraud. All allegations of wrong-doing are denied by the defendants, and it is affirmatively pleaded by them that the conveyance was made in good faith and for full consideration. It is also set forth in the separate answer of each defendant that Maud Olmsted, the daughter, paid to the said Maggie $3,000.00 for said conveyance, and as a further and additional consideration that the said Maud agreed to support and care for her mother during the remainder of the life of the latter. Trial was had to the court with a general finding of the issues joined in favor of the defendants, and specially that neither of them had been guilty of any fraud in the matter of the conveyance complained of. A dismissal of the action followed. It is to review these findings and the judgment of dismissal that plaintiff brings the case here on appeal.

The proof seems clear and satisfactory, and the court so found, that the daughter did in fact pay the mother $3,000.00 as a consideration for the conveyance in question. The proof further shows, without substantial dispute or conflict, that the fair and reasonable value of the property was no more than the amount so as aforesaid actually paid therefor by the daughter to the mother. As to this conclusion we are bound by the findings of the trial court, and they

seem to be entirely warranted and supported by the testimony.    But for the averment in the answers to the effect that the conveyance rested upon a further consideration of a promise by Maud to support and care for her mother during the remainder of the life of the latter, this case and this opinion would end right here.    Counsel for appellant, however, contends that because of this averment in said answers, by which he claims the defendants are bound, the instrument is fraudulent in law and must therefore be set aside and canceled at the instance of the plaintiff creditor.

At the close of the testimony the court below, on motion of the defendants, allowed their respective answers to be amended to conform to the proof, so as to eliminate that clause from both of them which refers to the agreement for the future support of the mother, as being part of the consideration for the conveyance.    This action of the court in allowing such amendments is assigned for error.    The testimony showed, as a matter of fact, and the court below so found, hence the allowance of the said amendments, that such promise of support was not made by the daughter until after the conveyance had been duly executed, delivered and recorded, and was not therefore a moving consideration therefor.    We are of opinion that the court, under these circumstances, might properly, in its discretion, allow such amendments.    However, in our view of the case, upon the findings of the court as to the facts, whether such amendments were allowed or made is wholly immaterial.    Since not only adequate, but full, independent consideration for the transfer was made by the daughter to the mother, the proposed additional and future consideration in the way of a promise of subsequent care and keep is a mere gratuity, and in no legal sense affects the validity of the deed of convey-

ance.—*Vial v. Mathewson,* 34 Hun. 70; *Hapgood v. Fisher,* 34 Me. 407; *Bent v. Bent,* 3 N. Y. Supp. 750; *Albee v. Webster,* 16 N. H. 362; *Slater v. Dudley,* 18 Pick. 373.

Upon abundant testimony, of an apparently convincing character, the daughter seemed a *bona fide* creditor of the mother, to the extent of $2,820.00, at least the trial judge so concluded, and he saw the witnesses face to face, heard them testify and observed their conduct and demeanor on the stand, and that at the time of the conveyance she had paid the latter the further sum of $180.00 in cash to complete the full $3,000.00 claimed money consideration.

We know of no reason why a mother may not lawfully prefer her daughter above other creditors, if the transaction be in fact a mere preference, free of wrongful purpose and intent and untainted by fraud or indirection.—*Stramann v. Scheeren,* 7 Col. App. 1; *Bank v. Cavanaugh,* 7 Col. App. 160; *Otis v. Rose,* 9 Col. App. 449.

The court below found this transaction to be of such character, and no good reason is perceived for disturbing that finding. On the contrary, it conforms with our judgment, from an examination of the whole record, of what the facts proved in the case fairly establish. It follows, then, that the plaintiff has no possible ground of complaint because of this conveyance, as the daughter, Maud Olmsted, is shown beyond all question to have paid a full money consideration for the property. Upon the facts surrounding this entire transaction, no creditor of Maggie Olmsted has any legal or moral ground of complaint because of the transfer in question. No one is wronged thereby or unlawfully injured. Had it been made to the plaintiff, under a similar state of facts, neither the daughter nor any other creditor of Maggie Olmsted could have successfully ques-

tioned it.   If this be true, then on what theory can it
justly be held that he has a grievance? The findings
and judgment below are plainly right and should be
upheld.   The judgment must accordingly be affirmed
and it is so ordered.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE
concur.