**In re CVEO CORPORATION f/k/a Converse, Inc., Debtor.**

**Argus Management Group, as Trustee for the Creditors Reserve Trust, Plaintiff,**

v.

**J–Von N.A., Defendant.**

**Bankruptcy No. 01–0223 (MFW). Adversary No. 03–50231.**

United States Bankruptcy Court, D. Delaware.

Aug. 9, 2005.

Theodore Tacconelli, Ferry, Joseph & Pearce, P.A., Wilmington, DE, for Plaintiff.

Martin T. Fletcher, Whiteford, Taylor & Preston, L.L.P., Baltimore, MD, for Plaintiff.

William E. Chipman, Jr., Greenberg Traurig LLP, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Plaintiff's Motion for Summary Judgment on its Complaint to avoid preferential transfers and to recover property pursuant to sections 547 and 550 of the Bankruptcy Code. For the reasons set forth below, the Court will grant the Motion.

## I. *BACKGROUND*

CVEO Corporation f/k/a Converse, Inc. ("the Debtor") filed a chapter 11 petition on January 22, 2001. On June 6, 2002, the Court confirmed the Debtor's Second Amended Chapter 11 Plan which authorized the Creditors Reserve Trust ("the Plaintiff") to bring avoidance actions on behalf of the estate.

Prior to bankruptcy, the Debtor designed, manufactured and marketed athletic footwear, apparel and accessories. During this period, the Debtor purchased goods from J–Von, N.A. ("the Defendant"), which were used in its operations. During the ninety days before the bankruptcy case commenced, the Debtor tendered nine checks totaling $258,915.58 to the Defendant.

On January 17, 2003, the Plaintiff filed a Complaint against the Defendant seeking the recovery of those nine transfers as alleged preferential transfers.[2] The Defendant filed an answer on May 22, 2003, denying the allegations in the Complaint and asserting several affirmative defenses.[3]

On September 9, 2004, the Plaintiff filed a Motion for Summary Judgment. The Defendant did not file a response. The Plaintiff submitted a brief and supporting exhibits pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, which is incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The matter is now ripe for decision.

## II. *JURISDICTION*

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(F).

## III. *DISCUSSION*

### A. *Standard for Summary Judgment*

Summary judgment is appropriate when the matters presented to the Court "show

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2. Based upon information regarding new value provided by the Defendant during discovery, the Plaintiff has reduced to $170,673.58 the amount it seeks.

3. The Defendant asserted the following affirmative defenses: (1) contemporaneous exchange; (2) ordinary course of business; (3) new value; (4) res judicata, collateral estoppel, waiver, and laches; (5) right to set-off; (6) lack of standing; (7) the Defendant performed every duty, contractual or otherwise, owed to the Debtor; (8) recovery is barred by reason of the Debtor's or the Plaintiff's conduct; (9) accord and satisfaction; (10) recovery is barred because the Defendant was a critical vendor.

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056. *See also Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "Facts that could alter the outcome are 'material' . . . and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted).

Once the moving party has met this initial burden of proof, the non-moving party must present specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine issue of material fact for trial. *See* Fed. R. Bankr.P. 7056(e). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir.1982) ("Rule 56(e) does not

allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions"); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir.1972) ("Conclusory statements, general denials, and factual allegations not based on personal knowledge would be insufficient to avoid summary judgment") (citations omitted); *Tripoli Co. v. Wella Corp.,* 425 F.2d 932, 935 (3d Cir. 1970) (holding that to defeat a summary judgment motion, "a party must now come forward with affidavits setting forth specific facts showing that there is a genuine issue for trial"). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

**B. *Preferential Transfers***

In order to avoid a pre-petition preferential transfer of the Debtor's interest in property, the Plaintiff must show that the transfer was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; . . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

728

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

■ "Unless each and every one of these elements is proven, a transfer is not avoidable as a preference under 11 U.S.C. § 547(b)." *Waslow v. The Interpublic Group of Cos. (In re M Group, Inc.),* 308 B.R. 697, 700 (Bankr.D.Del.2004) (citations omitted). *See also* 11 U.S.C. § 547(g) (placing the burden of proof on the trustee).

The Plaintiff maintains that it has met its burden by presenting evidence that satisfies the requirements of section 547(b). It relies on the Defendant's Answer, selected portions of a deposition of one of the Defendant's employees, an affidavit from the Debtor's former Chief Financial Officer ("CFO") and copies of several returned checks.

Although the Defendant has not filed a response to the pending motion, this Court may only enter summary judgment in the Plaintiff's favor if it is appropriate. *See* Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(e). In its Answer, the Defendant admits that it was a creditor of the Debtor at the time the transfers were made and that they were made to or for its benefit within ninety days before the bankruptcy filing. The Defendant, however, denies that the transfers were made on account of an antecedent debt owed by the Debtor, that the Debtor was insolvent at the time of the transfers, and that the transfers amounted to more than it would have received if the case were a chapter 7 proceeding.

### 1. *Antecedent Debt*

■ Section 547(b)(2) requires that the transfer be "on account of an antecedent debt" owed to the creditor. "Although the term 'antecedent debt' is not defined by the Bankruptcy Code, a debt is 'antecedent' when the debtor becomes legally

bound to pay before the transfer is made." *The Fonda Group, Inc. v. Marcus Travel (In re The Fonda Group, Inc.),* 108 B.R. 956, 959 (Bankr.D.N.J.1989) (citations omitted).

In support of its contention that the transfers arose out of an antecedent debt, the Plaintiff attached an affidavit from James Lawlor, the Debtor's former CFO. Mr. Lawlor stated that the transfers at issue were made to the Defendant on account of an outstanding pre-petition debt that the Debtor owed the Defendant.

In contrast, the Defendant has failed to offer any affidavits or evidence to contradict the Plaintiff's evidence. In its Answer, the Defendant gives two seemingly conflicting responses concerning its pre-petition relationship to the Debtor. Although the Defendant admits to being a creditor of the Debtor at the time of the transfers, it alleges that it is "without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations" that the transfers were made on account of an antecedent debt owed by the Debtor and it "therefore denies same and demands strict proof thereof."

In light of the Plaintiff's affidavit, such general denials by the Defendant are insufficient. *Olympic Junior,* 463 F.2d at 1146. "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Court will therefore accept the undisputed facts offered by the Plaintiff as true and conclude that the payments were on account of an antecedent debt. *See, e.g., Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund,* 791 F.2d 548, 558 (7th Cir.1986); *In re Trans World Airlines, Inc.,* 180 B.R. 386, 387 (Bankr.D.Del.1994).

### 2. *Insolvency*

Section 547(f) creates a presumption that a debtor was insolvent for the ninety days prior to the filing of its bankruptcy petition. Insolvency is a "financial condition such that the sum of [the] entity's debts is greater than all of [its] property, at a fair valuation. . . ." *See* 11 U.S.C. § 101(32). The party challenging an avoidance action bears the burden of rebutting this presumption by offering non-speculative evidence that is sufficient to permit a court to conclude that the debtor was indeed solvent at the time of the transfer. *See, e.g., Bros. Gourmet Coffees, Inc. v. Armenia Coffee Corp. (In re Bros. Gourmet Coffees, Inc.),* 271 B.R. 456, 458 (Bankr.D.Del.2002). If that burden is satisfied, the burden of proof shifts back to the moving party, obligating it to show that the debtor was, in fact, insolvent. *Id.* at 460. "Summary judgment in favor of the trustee is appropriate when the party seeking to rebut the presumption fails . . . or when there is no genuine issue of material fact concerning insolvency and the trustee is entitled to judgment as a matter of law. . . ." *Gasmark Ltd. Liquidating Trust v. Louis Dreyfus Natural Gas Corp.,* 158 F.3d 312, 315 (5th Cir.1998).

Aside from the Defendant's general denials in its Answer, the Defendant has not presented this Court with any evidence to rebut the presumption of the Debtor's insolvency at the time the transfers were made. Therefore, the Court finds that section 547(b)(3) is satisfied.

### 3. *Amount Received By Creditor*

The avoidance of a preferential transfer helps "facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor. Any creditor that received a greater payment than others of his class is required to disgorge so that all may share equally." *Union Bank v. Wolas,* 502 U.S. 151, 161, 112 S.Ct.

527, 116 L.Ed.2d 514 (1991) (quoting H.R.Rep. No. 95–595, p. 179 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6139–40).

> To satisfy the requirements of § 547(b)(5), the trustee must establish that the transfer yielded the creditor a greater return on its debt than it would have received if the transfer had not taken place and it had received a distribution under a Chapter 7 liquidation. . . . In other words, when a trustee commences a § 547 preference action, the court is to compare what the creditor actually received and what it would have received under the chapter 7 distribution provisions of the Code in order to determine whether the creditor received more than its fair share.

*Kimmelman v. The Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.),* 344 F.3d 311, 317 (3d Cir.2003) (citations omitted).

Mr. Lawlor attested in his affidavit that, based upon his work with the Debtor and a review of the claims asserted against the Debtor, the transfers at issue amounted to more than the amount the Defendant would have received if the Debtor's case was liquidated under chapter 7. Other than general denials in its Answer, the Defendant has failed to present this Court with any evidence that could lead this Court to an alternative conclusion. This Court therefore finds that the Plaintiff has met its burden of proof under section 547(g).

### 4. *Defenses*

Although the Defendant asserted many defenses in its Answer, the Defendant has failed to set forth specific facts, in a form that "would be admissible in evidence," in support of any of its affirmative defenses. The Plaintiff presented portions of the deposition of the Defendant's controller, Ms. Lawson, to establish that those defenses

were not valid. Specifically, Ms. Lawson acknowledged that during the preference period the Defendant had increased its efforts to collect the debt owed by the Debtor and that the payment terms between the parties were a typical credit transaction.

The burden of proof on such defenses is on the Defendant. 11 U.S.C. § 547(g). Based on the evidence presented by the Plaintiff, the Court concludes that the Defendant has failed to carry that burden.

## IV. *CONCLUSION*

For the reasons stated above, the Court concludes that the Motion for Summary Judgment filed by the Plaintiff should be granted.

An appropriate order is attached.

### *ORDER*

AND NOW, this **9th** day of **AUGUST, 2005**, upon consideration of the Plaintiff's Motion for Summary Judgment on its Complaint to avoid preferential transfers and to recover property pursuant to sections 547 and 550 of the Bankruptcy Code and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Plaintiff's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that **JUDGMENT IS ENTERED** in favor of the Plaintiff against the Defendant in the amount of $170,673.58.