In re Ronald and Phyllis
FRYMAN, Debtors.

Henry E. Menninger, Trustee, Plaintiff,

v.

First Franklin Financial Corp.,
et al., Defendants.

Bankruptcy No. 02–13656.
Adversary No. 03–1613.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

July 15, 2004.

Rebecca L. Schroeck, Cincinnati, OH, for Debtor.

Kyle R. Grubbs, Frost Brown Todd LLC, for Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on Defendant First Franklin Financial Corporation's ("First Franklin") motion for summary judgment (Doc. 20), Plaintiff–Trustee's cross-motion for summary judgment (Doc. 21), First Franklin's reply and response (Doc. 22), and the Trustee's reply (Doc. 23).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in

this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The issue before the Court is whether the failure to recite Ronald Fryman's name in the notary acknowledgment clause renders the mortgage defective under Ohio Revised Code § 5301.01 and avoidable by the Chapter 7 Trustee.

Summary judgment is appropriate when the pleadings, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056.

The material facts are not in dispute. The subject mortgage in favor of First Franklin was executed by Phyllis Fryman and Ronald Fryman on August 30, 1999 before two witnesses, one of whom was also the notary. The initial clause of the mortgage provides that the mortgagors are Phyllis Fryman and Ronald Fryman. Both Phyllis Fryman and Ronald Fryman's handwritten initials appear on each page of the mortgage. Both Phyllis Fryman and Ronald Fryman's signatures appear directly above the acknowledgment clause. The acknowledgment clause includes the pre-printed name Phyllis Fryman but not the name Ronald Fryman. The balance of the acknowledgment clause recites that "they" examined, read, and signed the instrument of "their" free act and deed. The plural pronouns "they" and "their" are not pre-printed but are handwritten in by the notary.

■ A bankruptcy trustee may avoid a transfer that is avoidable by a bona fide purchaser. 11 U.S.C. § 544(a)(3). Under Ohio law, only properly executed mortgages take priority over a bona fide purchaser. *E.g., In re Huffman,* 369 F.3d 972, 974 (6th Cir.2004).

■ Ohio Revised Code § 5301.01 requires a mortgage to be signed "... before a judge or clerk of court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment." The purpose of the statute is to prevent fraud and to provide reasonable assurance that the instrument is genuine. *In re Check,* 129 B.R. 492, 493 (Bankr.N.D.Ohio 1991).

■ Blanks and other errors in notary acknowledgment clauses have generated a fair amount of caselaw in Ohio, including *Smith's Lessee v. Hunt,* 13 Ohio 260, 1844 WL 36 (1844), wherein the Supreme Court of Ohio held that a mortgage was defective where the notary acknowledgment clause was blank as to the sole grantor's name. Forty years later, the Supreme Court of Ohio enunciated the principle that the court must review the nature of the error and the balance of the document to determine whether or not the "instrument supplies within itself the means of making the correction." *Dodd v. Bartholomew,* 44 Ohio St. 171, 5 N.E. 866 (1886)(notary acknowledgment clause with wrong middle initial of husband and wrong first name of wife found valid). In other words, "substantial compliance" with Ohio Revised Code § 5301.01 is required. *See Mid–American National Bank & Trust Co. v. Gymnastics International, Inc.,* 6 Ohio App.3d 11, 451 N.E.2d 1243 (1982)(notary acknowledgment clause with recital that corporation signed mortgage rather than corporation's officers found valid); *Administrator of Veterans Affairs v. The City Loan Co.,* 1985 WL 9128 (Ohio Ct.App.1985)(notary acknowledgment clause with grantee name rather than grantor name found valid); *Citizens Home Savings Co. v. Century Construction Co.,* 27 Ohio App.3d 245, 500 N.E.2d 879

(1985)(notary acknowledgment clause without reference to place or date of signing found valid).

Turning to the present case, we find that *Smith's Lessee* is distinguishable for several reasons.

First, in *Smith's Lessee,* the notary acknowledgment clause was blank as to the sole grantor. In the present case, the notary acknowledgment clause is blank only as to one of two grantors.

Second, in the present case, one of the witnesses is also the notary. The witnessing of the mortgage has not been challenged. It would be inconsistent to "discredit" the notary's acknowledgment when the notary's witnessing is accepted to have been proper.

Third, there are numerous other indicators apparent from the face of the mortgage itself to make the correction. *See Dodd,* 44 Ohio St. 171, 5 N.E. 866. Specifically, the mortgage includes the names of both grantors and both grantors initialed every page of the mortgage. We find especially compelling the use of the plural pronouns "they" and "their" in the balance of the notary acknowledgment clause and the fact that these terms were handwritten in by the notary, leaving no doubt that the notary acknowledged the signatures of both grantors.

The Supreme Court case of *Hinde's Lessee v. Longworth,* 11 Wheat. 199, 24 U.S. 199, 6 L.Ed. 454 (1826) further supports our conclusion. In *Hinde's Lessee,* the notary acknowledgment clause recited one grantor's name (the husband) but was blank as to the first name of the other grantor (the wife). The notary acknowledgment clause referred only to "her." Only the husband signed the deed. Because of the inconsistent use of pronouns, the Supreme Court concluded that the notary acknowledgment clause failed to show "with reasonable certainty" that the husband acknowledged the deed before the notarizing officer.

For all the above reasons, we conclude that there is reasonable certainty that Ronald Fryman acknowledged the mortgage before the notary and that the mortgage is in substantial compliance with Ohio Revised Code 5301.01.

Accordingly, First Franklin's motion for summary judgment is hereby GRANTED and the Trustee's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.