**In re Victoria E. LEAHY, Debtor.**

**William Todd Drown, Chapter 7 Trustee, Plaintiff,**

**v.**

**GreenPoint Mortgage Funding, Inc., et al., Defendants.**

**Bankruptcy No. 06–50466.
Adversary No. 06–2418.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division at Columbus.

Sept. 28, 2007.

Victoria E. Leahy, pro se.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT ENTRY AND FOR RECONSIDERATION

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

This matter is before the Court on the Motion to Amend Judgment Entry and for Reconsideration ("Motion to Amend") (Doc. 23) filed by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for GreenPoint Mortgage Funding, Inc. ("GreenPoint"). Plaintiff William Todd Drown ("Trustee") filed a memorandum in opposition to the Motion to Amend ("Response") (Doc. 25).

### I. Background

Victoria E. Leahy ("Debtor" or "Leahy") is the fee simple owner of real property located at 3021 Seeger Street, Columbus, Ohio. On or about July 8, 2004, Leahy executed a mortgage in favor of Green-Point ("Mortgage"). The Mortgage was recorded on July 15, 2004 as Instrument Number 200 407 150 164 229 in the Franklin County, Ohio, Recorder's Office. Page 14 of the Mortgage bears the signature of Victoria Leahy. Page 15 contains the following certificate of acknowledgment:

> Before me the undersigned authority, on this day personally appeared [blank space] known to me (or proved to me through an identity card or other document) to be the person(s) whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

The certificate of acknowledgment bears the notarial seal and signature of notary public for the State of Ohio, Robert W. Banhagel, III, and is dated July 8, 2004.

William Todd Drown, Mount Vernon, OH, pro se.

Scott P. Ciupak, Hudson, OH, for Defendants.

The certificate of acknowledgment omitted Leahy's name as the mortgagor.

On June 28, 2006, the Trustee commenced this adversary proceeding by filing a complaint against GreenPoint seeking to avoid the Mortgage. The Trustee alleged that the acknowledgment clause contained in the Mortgage was defective because Leahy's signature was not properly notarized—the acknowledgment clause omitted her name. According to the Trustee, the Mortgage was incapable of being recorded and thus avoidable pursuant to the strong-arm powers granted to him by 11 U.S.C. § 544.

MERS answered on behalf of Green-Point and promptly filed a motion for summary judgment ("Summary Judgment Motion") (Doc. 9). The Trustee filed a memorandum in opposition and cross-motion for summary judgment ("Cross–Motion") (Doc. 14), and MERS filed a response ("Summary Judgment Response") (Doc. 15). After reviewing the motions for summary judgment, the Court issued an oral decision ("Decision"). The Court considered the following in rendering the Decision:

> There is no dispute here that the debtor executed the Mortgage. There is also no dispute that a notary public subscribed his name to the certificate of acknowledgment contained on page 15 of the Mortgage. Rather, the dispute in this case centers on whether the signing was "acknowledged ... before a ... notary public ... who shall certify the acknowledgment [as required under Ohio Revised Code § 5301.01]...." According to the Trustee, because the certificate of acknowledgment is blank and does not indicate that the debtor appeared before the notary, the Mortgage is defective and subject to avoidance under 11 U.S.C. § 544(a)(3). MERS generally argues that because Ms. Leahy is

the only person who signed the Mortgage, she is the only person "whose name is subscribed to the foregoing instrument," within the meaning of the notarial attestation requirement of the statute. According to MERS, the absence of her name in the notarial acknowledgment is therefore inconsequential, and the Mortgage is in compliance with Ohio Revised Code § 5301.01. Whether the acknowledgment clause substantially complies with Ohio Revised Code § 5301.01 is a question of law. As stated above, there are no material issues of fact in dispute in this adversary proceeding. Thus, this case is ripe for summary judgment.

Tr. of Decision 9:16–10:16 (Doc. 21).

After reviewing the relevant Ohio case law dealing with defective notarial acknowledgments, the Court concluded that the certificate of acknowledgment in this case did not substantially comply with the requirements of Ohio Revised Code § 5301.01, stating:

> [T]he acknowledgment clause at issue is problematic for four reasons. First, the clause leaves blank the name of the person who appeared before the notary. Second, the clause references "the person(s)" with no striking out of the (s) to indicate that the person who signed was a single individual. In other words, the word "person" with the (s) after it can lead to the conclusion that it referred to plural persons, not simply a singular individual. Third, the clause references a name "subscribed to the foregoing instrument." The acknowledgment is on a page completely separate from any other page of the Mortgage. Arguably, the acknowledgment clause could relate to a different instrument and a signature of someone else. And, finally, the clause states that "he/she/they executed" the

instrument without circling or otherwise designating the appropriate pronoun.

Thus, in this case it is unclear whether the notary actually acknowledged Ms. Leahy's signature.

Tr. of Decision 22:8–23:3.

Because the acknowledgment clause was deficient, the Court concluded that the Mortgage was not properly executed, and "only properly executed mortgages take priority over a bona fide purchaser...." Tr. of Decision 23:7–23:19 (quoting *Kovacs v. First Union Home Equity Bank (In re Huffman)*, 408 F.3d 290, 293 (6th Cir. 2005)). The Trustee, having the rights and powers of a bona fide purchaser pursuant to § 544(a)(3), was therefore entitled to avoid the Mortgage. The Court denied the Motion for Summary Judgment, granted the Cross–Motion and entered judgment in favor of the Trustee (Doc. 22).

MERS now moves the Court to amend the Decision under Fed.R.Civ.P. 59(e), which is made applicable in adversary proceedings by Fed. R. Bankr.P. 9023. Citing authority for the proposition that a motion to alter or amend a judgment should be granted if there is newly-discovered evidence, to correct a clear error of law, or to prevent manifest injustice, MERS contends that the Court should reconsider the Decision because it "misapprehended a fact which had been stipulated to by the parties, and that misapprehension was a partial basis cited by the Court in its [D]ecision." Motion to Amend at 1–2 (citing *Triad Int'l Maint. Corp. v. S. Air Transp. Inc.*, 2006 WL 1071879 at *1 (S.D.Ohio Apr.24, 2006)). As explained below, even if the Court accepts MERS's contention that a stipulation between the parties existed—a fact that MERS contends the Court misapprehended—this "newly-discovered evidence" does not alter the Court's conclusion concerning the validity of the Mortgage and whether it was prop-

erly recorded. Thus, MERS has failed to demonstrate a clear error of law, or that upholding the Decision would result in manifest injustice. The Motion to Amend must therefore be denied.

## II. Legal Analysis

### A. Standards for Governing Motions to Amend or Alter Judgments

■■■ The Motion to Amend is entrusted to the Court's discretion as " ' [t]he grant or denial of a Rule 59(e) motion is within the informed discretion of the [trial] court, reversible only for abuse.' " *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir.2005) (quoting *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)). "[T]he bankruptcy court has broad discretion in determining whether to grant a motion to alter or amend judgment.... A motion made pursuant to Rule 59 affords relief only in extraordinary circumstances." *Crystalin, L.L.C. v. Selma Props., Inc. (In re Crystalin, L.L.C.)*, 293 B.R. 455, 465 (8th Cir. BAP 2003) (citation omitted).

■■■ The relief available under Rule 59(e) is limited and a motion "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1998) (citations omitted). A motion seeking to alter or amend a judgment "is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." *Ohio Sav. Bank v. Larson (In re Larson)*, 103 B.R. 896, 897 (Bankr.S.D.Ohio 1999). *See also General Truck Drivers Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d

434, 445 (6th Cir.1999) (Clay, J., dissenting) ("Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986) ("Motions . . . to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." (citation omitted)). Newly-discovered evidence is any evidence that was "previously unavailable." *GenCorp,* 178 F.3d at 834. The burden of demonstrating the existence of a manifest error of fact or law, manifest injustice or newly-discovered evidence rests with the party seeking to amend or alter the judgment. *See Owner–Operator Indep. Drivers Ass'n v. Arctic Exp., Inc.,* 288 F.Supp.2d 895, 900 (S.D.Ohio 2003) (citing *GenCorp,* 178 F.3d at 834); *In re Nosker,* 267 B.R. 555, 565 (Bankr.S.D.Ohio 2001); *In re McDaniel,* 217 B.R. 348, 351 n. 5 (Bankr.N.D.Ga.1998); *In re Redman Oil Co.,* 100 B.R. 945, 948 (Bankr.S.D.Ohio 1989).

## B. MERS's Request to Alter or Amend Judgment

■ MERS submits that the parties entered into a stipulation at a pretrial conference held on September 20, 2006, agreeing that Leahy had "actually appeared before the notary when the mortgage was executed, and that the notary simply failed to note that when completing the notary jurat clause of the mortgage." Motion to Amend at 3. *See also* Affidavit of Scott Ciupak ¶ 4. MERS asserts that it referenced this stipulation in the Summary Judgment Response, but the Court did not give the stipulation due consideration. Instead, MERS contends that the Court relied only on the Trustee's pleadings indicating that the Debtor did not appear before the notary. Thus, MERS argues, "it is not proper for the Court to accept the assertions of one party, while ignoring those of the other, without the opportunity to be heard." Motion to Amend at 4. MERS requests that the Court amend its judgment entry and account for the factual assertion to which the parties purportedly stipulated.

In his Response, the Trustee states that he "has no recollection in this case as to whether such a stipulation was actually made." Response at 2. He requests that the Court clarify whether the alleged stipulated fact that Leahy appeared before the notary is critical to the outcome of this case. The Trustee argues it is not and that "even if [he] had stipulated to the debtor's presence before the notary, the notary still failed to actually certify the debtor's acknowledgment as required by statute." Response at 3–4. The Trustee submits, therefore, that the Court should deny the Motion because the purported stipulation is not newly-discovered information, there is no clear error of law, and there is no manifest injustice. Response at 3–5.

MERS states in the Summary Judgment Motion that "[t]he only issue for the Court to determine is whether the absence of Debtor's name in the space provided in the document renders the mortgage fatally flawed, and thus subject to avoidance of the lien." Summary Judgment Motion at 2. In the Summary Judgment Response, MERS contends that "[t]he Debtor's sig-

nature on the mortgage in the presence of the notary has been stipulated to by agreement of the parties." Summary Judgment Response at 4. MERS then argues that "if Plaintiff admits to the stipulation that the Debtor actually signed the mortgage in the presence of the notary, then based on the facts present here the Court must find that the mortgage document substantially complies with [Ohio ˙ Revised Code] § 5301.01 under any relevant analysis." *Id.* at 5. In support of its position, MERS relies on *In re Wheeler*, 2005 WL 4057841, 2005 Bankr.LEXIS 2912 (Bankr.S.D.Ohio July 21, 2005), *aff'd,* 2006 WL 1645214, 2006 U.S. Dist. LEXIS 38733 (S.D. Ohio June 12, 2006). Specifically, MERS quotes Judge Perlman's statement in *Wheeler* that "[t]his Court agrees with the rationale of *Fryman* that it would be contradictory to discredit the notary's ac-

knowledgment when the notary's actual witnessing of the signing of the mortgage by the debtor is unchallenged." Summary Judgment Response at 5 (quoting *Wheeler,* 2005 WL 4057841, \*3, 2005 Bankr.LEXIS 2912 at \*9) (citing *In re Fryman,* 314 B.R. 137, 139 (Bankr.S.D.Ohio 2004)).

▇ In the Decision, the Court rejected MERS's argument—based on *Wheeler* and *Fryman*—that when a notary actually witnesses the mortgagor's signing, the notarial acknowledgment cannot be "contradicted" or "discredited" by a court in a subsequent proceeding in which the validity of the mortgage is challenged. *See Wheeler,* 2005 WL 4057841, \*3, 2005 Bankr.LEXIS 2912 at \*9 (citing *Fryman,* 314 B.R. at 139). The Court reasoned that there was nothing in the summary judgment record documenting the purported stipulation.[1] Upon further consid-

---

1. Under Rule 56(e), a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e), made applicable in adversary proceedings by Fed. R. Bankr.P. 7056. "The nonmoving party may oppose a proper summary judgment motion 'by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves ...,' or by any other evidentiary material admissible at trial." *United States v. Biondic,* 2003 WL 22765021 at \*2 (N.D.Ohio Oct.29, 2003) (citation omitted). Rule 56(c) lists the following evidentiary materials: "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any...." Fed.R.Civ.P. 56(c). As one commentary has stated, Rule 56(c) "permits the court to consider any 'admissions on file[,]' ... [that] may have emerged at the pretrial conference ... or have their roots in a joint statement or stipulation by counsel. On the other hand, the rule requires an 'admission;' it does not permit the court to convert 'inferences' that might be drawn from the papers on file into 'admissions.' The admission must be in a

form that is admissible in evidence." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2722 (3d ed.2007) (footnotes omitted).

An oral stipulation "does not fit any of the categories listed in [Rule 56(c)].... [And thus,] the oral stipulation do[es] not support a motion for summary judgment." *State ex rel O'Brien Farm v. Board of County Comm'rs,* 1997 WL 88965 at \*7 (Ohio Ct.App. Feb.24, 1997) (applying Ohio Civil Rule 56). Generally, stipulations must be reduced to writing in order to avoid disputes regarding whether the parties entered into a stipulation and the terms thereof. *See, e.g., Holland Banking Co. v. Continental Nat'l Bank of Jackson County,* 9 F.Supp. 988, 989 (W.D.Mo.1934) ("It is essential to a binding stipulation that its terms be assented to by the parties, or those representing them. Most stipulations are required to be in writing for the reason that ... it would relieve the court of the necessity of determining disputes which it has been said are more perplexing than the case itself." (internal quotation marks omitted)). MERS did not attach any evidentiary materials to its response to the Cross–Motion. MERS instead relies solely on a purported oral stipulation to raise an issue of fact. Thus, there was no evidentiary material of the kind listed in Rule 56(c) before

eration, however, the Court concludes that, because *Wheeler* and *Fryman* are inapposite, even if the parties had agreed that the Debtor signed the Mortgage in the presence of the notary, the Decision should not be altered or amended. Simply put, the fact that the Debtor appeared before the notary when she signed the Mortgage does not alter the Court's conclusion that the Mortgage does not substantially comply with Ohio Revised Code § 5301.01 and therefore may be avoided by the Trustee under § 544 of the Bankruptcy Code.

■ The requirements for a properly executed mortgage are set forth in Ohio Revised Code § 5301.01, which provides in relevant part as follows:

A deed, mortgage, land contract ..., or lease of any interest in real property and a memorandum of trust ... shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the settlor and trustee in the case of a memorandum of trust. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settlor and trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment.

Ohio Rev.Code Ann. § 5301.01(A) (Lexis-Nexis 2007). Thus, in order to comply with the statute, a mortgage (1) must be signed by the mortgagor; (2) the signing of the mortgage must be acknowledged before a notary public; (3) the notary public must certify that acknowledgment; and (4) the notary public must subscribe his name to the certificate of acknowledgment.

There is no dispute that Leahy signed the Mortgage or that Mr. Banhagel, the notary public, signed the certificate of acknowledgment. The Mortgage therefore satisfies the first and fourth requirements of § 5301.01(A). *See* Mortgage at 14–15. The second requirement—that the signing must be acknowledged before a notary—is also met if the Court accepts as true the parties' alleged stipulation that Leahy appeared before the notary public when she executed the Mortgage. But the analysis does not end when a mortgage complies with the first, second and fourth requirements of § 5301.01(A); the notary must still certify the acknowledgment. Here, as the Court set forth in the Decision, the notary failed to properly certify the acknowledgment. And as the Decision also explained, the Mortgage does not contain information correcting the deficiency.

MERS's reliance on *Wheeler* and *Fryman* is misplaced. Each of those cases address the situation where one of the witnesses to the mortgage was also the notary.[2] *See Wheeler,* 2005 WL 4057841, *3, 2005 Bankr.LEXIS 2912 at *9 (mortgage was executed in December of 2001 and "the notary public served as a witness to the grantors' signatures in addition to

the Court on the issue of whether Leahy actually signed the Mortgage before the notary when the Decision was rendered.

**2.** The statute in effect at the time the mortgages were executed in *Fryman* and *Wheeler* required two witnesses to attest to the signing of a mortgage. The law has since changed and Ohio Revised Code § 5301.01 was amended to delete the two-witness require-

ment. This amendment became effective February 1, 2002. *See* Ohio Rev.Code Ann. § 5301.01 (LexisNexis 2003); *In re Land,* 289 B.R. 71, 74 (Bankr.N.D.Ohio 2003) ("The H.B. 279 version of § 5301.01 no longer requires two witnesses for proper mortgage execution."). Here, the Mortgage was executed in July of 2004; thus, the two-witness requirement was not in effect at the time the parties executed the Mortgage.

acknowledging the signing"); *Fryman,* 314 B.R. at 139 (mortgage was executed in August of 1999 and "one of the witnesses was also the notary"). A critical factor in those cases was that the parties did not dispute that the respective notaries also witnessed the mortgages. *Wheeler,* 2005 WL 4057841, *3, 2005 Bankr.LEXIS 2912 at *9; *Fryman,* 314 B.R. at 139 ("The witnessing of the mortgage has not been challenged."). As stated by the court in *Fryman,* "[i]t would be inconsistent to 'discredit' the notary's acknowledgment when the notary's witnessing is accepted to have been proper." *Fryman,* 314 B.R. at 139. This is not the case here. Unlike in *Fryman* and *Wheeler,* here the notary did not sign the Mortgage as a witness. For this reason alone, the cases are distinguishable.

*Fryman* and *Wheeler* actually undermine MERS's contention that if the parties agree that Leahy signed the Mortgage in the presence of the notary, the Court must find that the Mortgage substantially complies with § 5301.01. Although in *Fryman* and *Wheeler* the parties did not dispute that the notary was present for the signing of the respective mortgages, each court nevertheless reviewed the mortgages for substantial compliance with § 5301.01. In *Fryman,* for instance, the notary clause included the pre-printed name of one mortgagor, but not the other. The acknowledgment clause indicated that "'they' examined, read, and signed the instrument of 'their' free act and deed." *Fryman,* 314 B.R. at 138. The plural pronouns were not preprinted on the mortgage, but rather "handwritten by the notary." *Id.* The court concluded that these factors provided the means by which the mortgage was able to correct itself and substantially comply with § 5301.01. *Id.* at 139. On the other hand, in *Wheeler,* the court concluded that—unlike *Fryman*— "there [was] no language contained within the ... acknowledgment clause that indicates the notary acknowledged the signa-

ture of anyone other than the non-debtor spouse." *Wheeler,* 2005 WL 4057841, *3, 2005 Bankr.LEXIS 2912 at *9. Thus, "the failure to indicate the debtor's signature was properly acknowledged by the notary resulted in a failure to substantially comply with [Ohio Revised Code] § 5301.01." *Id.,* 2005 WL 4057841, **4–5, 2005 Bankr.LEXIS 2912, at *13.

The fact established by the parties' purported stipulation—if it is deemed by the Court to be newly-discovered evidence—is simply not material because the acknowledgment clause is defective even if Leahy signed the mortgage in the presence of the notary. *See Bell v. IRS (In re Bell),* 181 B.R. 311, 315 (Bankr.N.D.Ohio 1995) ("A 'material fact' is one that might affect the outcome of the suit under the governing substantive law.") (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Accordingly, even if the Court accepts MERS's claim that there was a binding stipulation between the parties, it need not amend the Decision or judgment in order to correct an error of law or prevent a manifest injustice. *See Int'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.),* 321 B.R. 420, 423 (Bankr. N.D.Ohio 2004) ("As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." (citations omitted)).

In the Decision, the Court stated four reasons why the acknowledgment clause did not substantially comply with § 5301.01:(1) the clause leaves blank the name of the person who appeared before

the notary; (2) the clause references "the person(s)" with no striking out of the (s) to indicate that the person who signed was a single individual—the word "person" with the (s) after it can lead to the conclusion that it referred to plural persons, not simply a singular individual; (3) the clause references a name "subscribed to the foregoing instrument," yet the acknowledgment is on a page completely separate from any other page of the Mortgage and arguably, could relate to a different instrument and a signature of someone else; and (4) the clause states that "he/she/they executed" the instrument without circling or otherwise designating the appropriate pronoun. Tr. of Decision 22:8–23:3. Because the Debtor's mere presence before the notary would cure none of these deficiencies in the acknowledgment clause, the Court concludes that MERS has failed to demonstrate a clear error of law or that the Decision must be altered or amended to prevent manifest injustice.

Moreover, as explained in the Decision, the Court's determination that the Mortgage did not substantially comply with § 5301.01 was based on well-established case law, namely the Ohio Supreme Court's decision in *Smith's Lessee v. Hunt*, 13 Ohio 260 (1844). *Smith's Lessee*, though dated, is factually on point with the present case and remains good law. In *Smith's Lessee*, the certificate of acknowledgment to the mortgage contained a blank space, but did not include the name of the grantor. *Id.* at 260. The court analyzed the acknowledgment clause to determine whether it complied with the statutory requirement that "such acknowledgment [must] be certified by the magistrate or person before whom it is made." *Id.* at 268. Because the acknowledgment was blank as to the grantor, the court concluded that the mortgage did not comply with the statutory requirements and held "that no legal estate was conveyed by th[e] defectively executed mortgage...." *Id.*

Courts in this district have also generally held that a defective certificate of acknowledgment renders a mortgage invalid under § 5301.01. The District Court, for instance, affirmed the bankruptcy court's decision in *Wheeler* (discussed *supra*) holding that the mortgage was defective because the notary did not certify the debtor-spouse's acknowledgment. *See In re Wheeler*, 2006 WL 1645214, *1, 2006 U.S. Dist. LEXIS 38733 at *1 (S.D. Ohio June 12, 2006).

Similarly, in *In re Wolfzorn*, 2004 Bankr.LEXIS 2440 (Bankr.S.D.Ohio 2004), the court considered whether the failure to include one grantor's name in the acknowledgment clause rendered the mortgage defective. There, the debtors, Gary Wolfzorn and Shannon Wolfzorn, executed a mortgage, which stated that Gary Wolfzorn was "a married man." *Wolfzorn*, 2004 Bankr.LEXIS 2440 at *2. The handwritten initials of Gary Wolfzorn and Shannon Wolfzorn appeared on each page of the mortgage. Both of their signatures appeared above the acknowledgment clause, but only Gary Wolfzorn's name was typed beneath the signature line. Shannon Wolfzorn's name was handwritten—apparently in her own handwriting—under her signature line. The certificate of acknowledgment, however, "include[d] the typed name of Gary Wolfzorn only." *Id.* The court concluded "that the complete omission of Shannon Wolfzorn's name from the notary acknowledgment clause cause[d] the mortgage not to be in substantial compliance with *Ohio Revised Code § 5301.01* and not properly executed under Ohio law." *Id.* at 5. The court further noted that the mortgage "itself d[id] not supply the means of making the correction[ ]" since Shannon Wolfzorn's name did not appear typed or preprinted anywhere in the instrument and the acknowledgment clause did not contain any indica-

tions that "more than one signature was acknowledged by the notary." *Id. See also Geygan v. World Sav. Bank (In re Nolan)*, 365 B.R. 804, 806 (Bankr.S.D.Ohio 2007) (acknowledgment was defective when it failed to recite the names of the "borrowers whose execution of the mortgage was purportedly acknowledged.").

Here, the Court—relying on well-settled Ohio law—held that the certificate of acknowledgment was defective as a matter of law. Thus, even if the notary public did actually witness Leahy's signing of the Mortgage, the Court's ultimate determination—that the Mortgage did not substantially comply with the requirements § 5301.01 and may be avoided by the Trustee—must remain unchanged. In sum, MERS has not established a manifest error of law or fact, or that the Decision must be amended to prevent manifest injustice.

### III. Conclusion

For these reasons the Motion to Amend is **DENIED**.

**IT IS SO ORDERED.**