**In re David W. WAHL, Jr., Marlaina A. Leppert–Wahl, Debtors.**

**John Paul Rieser, Chapter 7 Trustee, Plaintiff**

v.

**Fifth Third Mortgage Company, Defendant.**

**Bankruptcy No. 08–31940. Adversary No. 08–3211.**

United States Bankruptcy Court, S.D. Ohio, Western Division, at Dayton.

June 30, 2009.

John Paul Rieser, Dayton, OH, pro se.

Maria C. Mariano Guthrie, Sikora Law LLC, Columbus, OH, for Defendant.

### Decision Granting the Chapter 7 Trustee's Motion for Summary Judgment

GUY R. HUMPHREY, Bankruptcy Judge.

### I. Introduction

This decision concerns whether the debtor husband's granting of a mortgage to a lender on his undivided one-half interest in real property may be avoided by a Chapter 7 bankruptcy trustee: a) under the trustee's strong-arm powers provided by 11 U.S.C. § 544(a) when that mortgagor is not referenced in the acknowledgment clause of the mortgage; and b) under § 547[1] as a preferential transfer on account of the mortgage having not been perfected under Ohio law. Both of these issues require the interpretation and application of Ohio law regarding acknowledgement clauses in filed mortgages. The court finds that the debtor husband's granting of a mortgage to Fifth Third Mortgage Company on his undivided one-half interest in the property may be avoided by the trustee pursuant to §§ 544(a) and 547.

### II. Findings of Fact and Procedural Background

#### A. *Findings of Fact*

The debtors, David W. Wahl, Jr. ("Mr. Wahl") and Mariana A. Leppert–Wahl ("Ms.Wahl") (collectively, the "Debtors"), acquired title to real property located at 469 Cherry Hill Lane, Lebanon, Ohio (the "Property") through a quit-claim deed dated October 24, 2007. The deed was filed with the Warren County Recorder on November 11, 2007. *Id.* The purchase of the Property by the Debtors was financed through a loan from Fifth Third Mortgage Company ("Fifth Third"), which loan was secured through a mortgage granted to Fifth Third (the "Mortgage") (Adv. Doc. 16, Exhibit A–2). The Mortgage is dated October 24, 2007 and was recorded on November 15, 2007. The signature page of the Mortgage, which includes the dis-

---

1. All statutory references are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. §§ 101–1532, cited in the decision as " § ——" unless otherwise noted.

puted acknowledgment clause, appears as follows:

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including, but not limited to the Master Mortgage Form) and in any Rider executed by Borrower and recorded with it. If for any reason the Master Mortgage Form shall not be deemed a part of this Security Instrument, this three (3) page instrument, plus any Rider(s) and attached legal description shall stand by itself as a mortgage document, binding on Borrower(s) for the benefit of Fifth Third Mortgage Company, its successors and assigns.

_____ (Seal)   _____ (Seal)
Marlaina A Leppert-Wahl

_____ (Seal)   _____ (Seal)
David W Wahl, Jr

_____ (Seal)   _____ (Seal)

_____ (Seal)   _____ (Seal)

STATE OF OH

On this _____, before me a Notary Public in and for said County and State, personally appeared Marlaina A Leppert-Wahl the individual(s) who executed the foregoing instrument and acknowledge that he/she did examine and read the same and did sign the foregoing instrument, and that the same is his/her free act and deed. IN WITNESS HEREOF, I have hereunto set my hand and official seal.

_____ (Seal)

_____
Notary Public, Warren County
8-15-2012
My Commission Expires:
State of OH

This Instrument was prepared by: FIFTH THIRD MORTGAGE COMPANY
38 FOUNTAIN SQUARE PLAZA
CINCINNATI, OHIO 45263

XXXXX5260          Page 3 of 4          Initials ____

BOOK 4576  PAGE 729

(Adv. Doc. 16, Exhibit 1).

It appears from the face of the document that both of the Debtors signed this page and also initialed all the other pages of the Mortgage. The first page of the Mortgage refers to both Mr. Wahl and Ms. Wahl as the borrowers and mortgagors. However, the acknowledgment clause of the notary public specifically references Ms. Wahl in typed print, but not Mr. Wahl. Further, the acknowledgment clause does not use plural pronouns or language, but rather, references "individual(s)" who executed the Mortgage and further states that "he/she" examined, read and signed the Mortgage and that these acts were "his/her free act and deed." Consistent with current Ohio law that does not require that mortgages be witnessed, the Mortgage

was not witnessed.[2]

### B. Procedural Background

On April 23, 2008 the Debtors filed a joint petition for relief under Chapter 7 (Estate Doc. 1). The Debtors listed Fifth Third's loan as a secured claim in the amount of $183,841 on Schedule D (Estate Doc. 1, p. 16), which reflected the Mortgage on the Property. On August 22, 2008 the Chapter 7 Trustee, John Paul Rieser, (the "Trustee") filed a complaint initiating an adversary proceeding to avoid the Mortgage as pertains to Mr. Wahl's one-half interest in the Property (Adv.Doc. 1). The Trustee alleged that the Mortgage as related to Mr. Wahl's interest in the Property can be avoided pursuant to 11 U.S.C. §§ 544(a)(3) and 547 because the acknowledgment clause of the Mortgage, completed by a notary public, only references Ms. Wahl's signature.

Consistent with the dates established by an order (Adv.Doc.14), the Trustee filed a summary judgment motion on March 16, 2009 (Adv.Doc.16). Fifth Third filed its response on April 3, 2009 (Adv.Doc.17). The Trustee filed his reply brief on April 10, 2009 (Adv.Doc.18).

## III. Analysis and Legal Conclusions

### A. Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O).

### B. Summary Judgment Standard

The standard to address the parties' filings is contained in Federal Rule of Civil Procedure (FRCP) 56(c) and is applicable to adversary proceedings through Bank-

ruptcy Rule 7056 and states, in part, that a court must grant summary judgment to the moving party if:

> the pleadings, the discovery and disclosure statements on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

In order to prevail, the moving party, if bearing the burden of persuasion at trial, must establish all elements of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the burden is on the non-moving party at trial, the movant must: 1) submit affirmative evidence that negates an essential element of the nonmoving party's claim or 2) demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.* at 331–32, 106 S.Ct. 2548. Thereafter, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 586–88, 106 S.Ct. 1348.

### C. The Trustee May Avoid Mr. Wahl's Granting of a Lien to Fifth Third on His Undivided One–Half Interest in the Property Through the Mortgage Pursuant to Code § 544(a)

The Trustee seeks to avoid the Mortgage as pertains to Mr. Wahl's inter-

---

**2.** Pursuant to Ohio Revised Code § 5301.01(B)(1), mortgages executed on or after February 1, 2002 need not be witnessed. Under a prior version of § 5301.01, two witnesses were required.

est in the Property under the "strong arm" powers of § 544. By legal fiction, § 544(a)(3) allows a trustee to avoid a transfer of real property as "a hypothetical bona fide purchaser as of the commencement of the case." *Gemini Servs., Inc. v. Mortgage Elec. Regis. Sys., Inc. (In re Gemini Servs., Inc.)*, 350 B.R. 74, 81 (Bankr.S.D.Ohio 2006), *citing Kovacs v. First Union Home Equity Bank (In re Huffman)*, 408 F.3d 290, 293 (6th Cir. 2005); *Geygan v. World Savings Bank (In re Nolan)*, 383 B.R. 391, 397 (6th Cir. BAP 2008).

Ohio Revised Code (ORC) § 5301.01(A) provides that the signature of a mortgagor shall be acknowledged by a notary public and the notary public shall certify the acknowledgment. Specifically, ORC § 5301.01(A) states:

> A ... mortgage ... shall be signed by the ... mortgagor.... The signing shall be acknowledged by the ... mortgagor ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

In addition, ORC § 147.53 requires the notary public to certify that:

> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

ORC § 147.54 provides that the acknowledgement certification may either be "in a form prescribed by Ohio law" or contain the words " 'acknowledged before me,' or their substantial equivalent." *Nolan*, 383

B.R. at 395. In this instance, the Trustee's position is that the acknowledgment clause does not evidence that Mr. Wahl executed the Mortgage with his signature.

■ A mortgage must be executed with the statutory requirements of Ohio law to be considered valid. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001). An improperly executed mortgage is not entitled to be recorded. *Stubbins v. Chase Home Fin. LLC (In re Robinson)*, 403 B.R. 497, 501 (Bankr.S.D.Ohio 2008). If an invalid mortgage is recorded, it is treated as though it had not been recorded. *Mortgage Elec. Registration Sys. v. Odita*, 159 Ohio App.3d 1, 822 N.E.2d 821, 825 (2004). As a corollary, such a mortgage cannot provide constructive notice to a bona fide purchaser without knowledge and can be avoided by a Chapter 7 trustee. *Robinson*, 403 B.R. at 501. However, to the extent that mortgage substantially complies with Ohio law, the mortgage may still be considered valid. *Id.* Fifth Third argues that the Mortgage substantially complies and, therefore, effectively encumbered Mr. Wahl's interest in the Property.

In the seminal decision of *Smith's Lessee v. Hunt*, 13 Ohio 260 (1844), the Supreme Court of Ohio held that a mortgage containing an acknowledgment clause that did not include the sole grantor's name was defective. *See also Drown v. Green-Point Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 834 (Bankr.S.D.Ohio 2007) ("*Smith's Lessee* ... remains good law"). The Supreme Court of Ohio elaborated on this legal principle in *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866 (1886). In *Dodd*, the mortgage was granted by Charles A. Clark and his wife, Sara, but the acknowledgment clause referred to "Charles B. Clark" and "Mary Clark." *Id.* at 868. Despite these scrivener errors in the mortgage, it was validated. *Id.* at 869.

The difference between *Smith's Lessee* and *Dodd* is that the acknowledgment clause in *Dodd* was substantially in compliance with Ohio law and the one in *Smith's Lessee* was not. *Robinson*, 403 B.R. at 502 ("This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of the mortgage is in 'substantial compliance' with § 5301.01"). *See also Menninger v. First Franklin Fin. Group (In re Fryman)*, 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004) (ORC § 5301.01 requires substantial compliance with Ohio law).

Fifth Third argues the acknowledgement clause has a "technical defect" that, like *Dodd*, constitutes substantial compliance and, therefore, does not affect the validity of the mortgage. However, the cases cited by Fifth Third concern minor defects in the acknowledgement clause that meet the substantial compliance standard under Ohio law, but are all distinguishable. In *Harwood v. Pappas & Assoc., Inc.*, 2005 WL 1177877, at * 3 (Ohio Ct.App. May 19, 2005), the court determined that a notary need not witness the person signing the mortgage, but the mortgagor only need to inform the notary he signed the mortgage. In *Assett Acceptance LLC v. Davis*, 2004 WL 2940747, at * 4–5 (Ohio Ct.App. Dec.13, 2004), the court determined the lack of a seal by the notary did not invalidate an affidavit. In *Chase Manhattan Mortgage Corp. v. Locker*, 2003 WL 22927244, at * 4 (Ohio Ct.App. Dec.12, 2003), the court determined that the failure of the notary to include the day of the month does not render the acknowledgment clause defective. Finally, in *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243, 1245–46 (1982), an acknowledgment clause was found in substantial compliance when it identified a corporation as the signor, rather than the officers of that corporation.

Fifth Third also cites *Menninger v. First Franklin Fin. Corp. (In re Fryman)* in support of its position, but that decision is distinguishable as well. In *Fryman*, the acknowledgment clause contained only one of the two grantors' names, but the similarity to this adversary ends there. First, the acknowledgment clause used plural pronouns such as "they" and "their" and the pronouns were not pre-printed, but handwritten by the notary. 314 B.R. at 139. As noted, singular pre-printed pronouns ("he/she" and "his/her") were used for the acknowledgment clause of the Mortgage and nothing within the language of the acknowledgment clause indicates the plural or that Mr. Wahl joined Ms. Wahl in the execution of the Mortgage. Second, the notary in *Fryman* was an unchallenged witness to the mortgage and the decision noted it would be "inconsistent to 'discredit' the notary's acknowledgment when the notary's witnessing is accepted to have been proper." *Id.* The Mortgage *sub judice* had no witnesses to the mortgagors' signatures. Unlike *Fryman*, the language within the acknowledgment clause does not suggest that the notary public certified Mr. Wahl's signature. *See also Geygan v. Chase Manhattan Mortgage Corp. (In re Thomas)*, 2008 Bankr.Lexis 1679, at * 13 (Bankr.S.D.Ohio May 29, 2008) ("If a certificate of acknowledgment omits the name of one or more grantors, it is clear that the mortgage was defectively recorded, it is clear that the mortgage was defectively executed as to the omitted grantors unless the certificate contains additional identifying language such as 'the grantors in the above-named instrument.'"); *In re Wolfzorn*, 2004 Bankr.Lexis 2440, at * 5–6 (Bankr.S.D.Ohio Sept. 30, 2004) (Acknowledgment clause which omitted the wife-mortgagor's name and lacked any other provision in the acknowledgment clause to indicate her signature was ac-

knowledged is not in substantial compliance with Ohio law).

This adversary proceeding is fundamentally different than *Fryman*. In *Fryman* certain defects existed within the acknowledgment clause, but it was nevertheless sufficiently clear that the notary did acknowledge the signatures. There is no compelling evidence within the acknowledgment clause establishing that the notary acknowledged Mr. Wahl's signature. While Ms. Wahl's name is typed out in the acknowledgment clause, Mr. Wahl's name is omitted and there is nothing else in the language of the acknowledgment clause that supports Fifth Third's position by indicating the notary's intent to acknowledge Mr. Wahl's signature.

Fifth Third attempts to attach significance to the use of the word "individual(s)", stating that the fact that the "(s)" was not crossed out shows the plural. The court determines the use of the word "individual(s)" simply accounts for the singular or the plural, as needed in a particular circumstance, and, absent any other evidence, attaches no significance to the fact that the "(s)" remained unmarked. The court agrees with the Trustee that this argument is no more or less convincing than noting that the "(s)" was not circled to indicate the plural, rather than the singular. Fifth Third's argument also is inconsistent in that the acknowledgment clause never uses the word "they" or the equivalent, but rather the singular pronouns, "his/her" and "he/she." The court interprets "his/her" and "he/she", consistent with common usage in the English language, to be the singular and is only used to account for the gender of a mortgagor, rather than any indication of multiple mortgagors.

Fifth Third also notes the mortgagors are listed as borrowers on the first page of the Mortgage and both mortgagors signed the Mortgage and initialed every page. However, since there has been no indication of fraud or forgery in this proceeding, that point only reflects that it *appears* that at some point Mr. Wahl did sign the Mortgage and initial the other pages in the Mortgage. However, the Mortgage does not establish those facts because Mr. Wahl's apparent signature was not certified by the notary in the acknowledgment clause. Fifth Third's argument presupposes that the acknowledgment clause lacks its own significance and the court can validate Mr. Wahl's signature without a proper acknowledgment clause. If the Ohio legislature accepts this argument and chooses to eliminate acknowledgment clauses as a requirement to record a mortgage, as it did with the witness requirement, or the ability of mortgages to be challenged by a bona fide purchaser, these issues will not arise in the future. Until that day, the court is bound by the decision of the Supreme Court of Ohio, which stated the importance of acknowledgement clauses in real property recording:

> The acknowledgment of a deed is required by statute chiefly for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it. The statutes in general declare that a deed shall not be admitted of record unless it is acknowledged or proved by attesting witnesses in the mode prescribed. A deed without acknowledgment, or defectively acknowledged, passes the title equally with one acknowledged, as against the grantor and his heirs; but without an effectual acknowledgment a deed can not be recorded so as to afford notice of the conveyance to all the world. Acknowledgment has reference, therefore, to the proof of execution, and not to the force, effect, or validity of the instrument. A defect in

the instrument is not cured by acknowledgment. *Acknowledgment is a prerequisite to recording the deed and making it constructive notice of all the facts set forth in it.* The record of a deed without acknowledgment or proof as prescribed by statute does not afford constructive notice of it. In like manner, the record of a deed defectively acknowledged by the parties does not impart constructive notice. The validity of a deed at common law did not depend on its acknowledgment; and where acknowledgment is required, its object is the protection of creditors and purchasers.

*Citizens Nat'l Bank in Zanesville v. Denison,* 165 Ohio St. 89, 133 N.E.2d 329, 332 (1956) (underlining added).[3]

■■ Fifth Third further argues that, even if the Mortgage was not executed in substantial compliance with Ohio law, since the Mortgage was properly recorded as to Ms. Wahl and includes information to indicate that Mr. Wahl was intended as a mortgagor, the Trustee was charged with constructive or inquiry notice to investigate the extent of the lien and cannot step into the shoes of a bona fide purchaser for value without knowledge to avoid the Mortgage. However, as noted, a defectively executed mortgage is treated as unrecorded under Ohio law and, therefore, the Trustee as a matter of law cannot have constructive or inquiry notice of the Mortgage as to Mr. Wahl's interest in the property.[4] *Id.* at paragraph one of the syllabus; *Odita,* 822 N.E.2d at 825.

3. Whether evidence within the mortgage document, but outside the acknowledgment clause, should be considered in construing the effectiveness of the acknowledgment clause has been a subject addressed in many recent decisions within this District, although the issue appears not to have been outcome determinative in most instances. Both *Wolfzorn* and *Fryman* consider evidence within the mortgage, separate from the acknowledgment clause, to determine whether the acknowledgment clause is in substantial compliance with Ohio law. *Fryman,* 314 B.R. at 139; *Wolfzorn* at *5. The Thomas decision differs somewhat in that it focuses solely on the acknowledgment clause. *Thomas* at *13. For purposes of this decision, it is sufficient to note that, when the acknowledgment clause does not contain any evidence of Mr. Wahl's signature being acknowledged by the notary, the Mortgage cannot be in substantial compliance solely based on other evidence within the Mortgage. This is consistent with the importance of the acknowledgment clause as stated by the Supreme Court of Ohio in *Denison,* but also with the conclusion in *Dodd v. Bartholomew,* 44 Ohio St. 171, 5 N.E. 866, 867 (1886) that "[i]t is a well-settled principle, applicable to the construction of deeds and other instruments, that all their parts are to be construed together, and the meaning ascertained from a consideration of each and every part; and, in the application of this rule, it is uniformly held that a false description

tion, whether of the subject-matter or of the parties, does not vitiate the instrument, where the error appears upon its face, and the instrument supplies within itself the means of making the correction." *See also Drown v. Countrywide Home Loans, Inc. (In re Peed),* 403 B.R. 525, 535–36 (Bankr.S.D.Ohio 2009), in which the court found an acknowledgment clause was not in substantial compliance when the grantor's name was left blank and "[b]ased on Smith's Lessee, this fact alone renders the mortgage invalid", but also concluded that the mortgages at issue, despite being initialed on other pages of the mortgages, were not initialed on the signature page or the page following that page, and "[t]he cumulative effect of these deficiencies, which are not corrected with the documents, convinces the court that [the mortgages] do not substantially comply with § 5301.01." In *Drown v. EverHome Mortgage Co. (In re Andrews),* 404 B.R. 275, 279–80 (Bankr. S.D.Ohio 2008), the court found that the acknowledgment clause failed to comply with ORC § 147.55 and additionally concluded that the mortgage did not meet the "substantial compliance" standard because "[t]here is simply nothing in the document to suggest that Mrs. Andrews acknowledged her signature before the notary."

4. The affidavit of Mark T. Florence (Doc. 17, Exhibit A) stating that the Trustee was on

Fifth Third also cites the recent unreported decision of *Argent Mortgage Co., LLC v. Drown (In re Bunn)*, 2008 WL 4449551 (S.D.Ohio Sept.30, 2008) as supporting its position. In *Bunn*, the court was faced with a recorded mortgage that provided a parcel identification number and a street address, but lacked a "legal description" of the real property. *Id.* at *1. The court determined the mortgage was not avoidable by the Chapter 7 trustee, as a bona fide purchaser for value, because the information provided was sufficient to place the trustee on inquiry or constructive notice. *Id.* at *4. The legal argument centered around whether the recording was insufficient for a bona fide

purchaser to be on inquiry or constructive notice as to the lien. The decision determined that the property description was sufficient, but never suggested a change in Ohio law that would allow inquiry or constructive notice to be charged to a bona fide purchaser when the mortgage was defectively executed. In other words, the decision tacitly assumes the mortgage could be considered recorded because it was in substantial compliance with Ohio law.[5] The facts in this adversary never reach the issue in *Bunn* because the Mortgage was defectively executed and, as a matter of law, the Trustee cannot be charged with constructive or inquiry notice because the mortgage is deemed not recorded. *Denison*, 133 N.E.2d at 332.[6]

constructive notice as to Mr. Wahl's granting of the mortgage in his one-half interest in the Property does not create an issue of material fact because, as a matter of law, the Trustee cannot be charged with constructive or inquiry notice of a defectively executed mortgage. This court is construing Mr. Florence's statement that the Mortgage "afforded constructive notice" as a legal conclusion which is solely within the province of the court to determine. *See PNC Bank, N.A. v. Liberty Mutual Ins. Co.*, 912 F.Supp. 169, 176 (W.D.Pa.1996) (Attorney's affidavit submitted as expert opinion in action on letter of credit would not be considered in ruling on motion for summary judgment to extent it contained additional legal argument as to correct interpretation of applicable law.)

5.  *Terlecky v. Beneficial Ohio, Inc. (In re Little Key)*, 292 B.R. 879 (Bankr.S.D.Ohio 2003) is similar to Bunn. The court determined that the failure to provide the deed book number did not allow the trustee to avoid the mortgage. The decision never states that the mortgage was defectively executed and failed to substantially comply with Ohio law. Like Bunn, and unlike this adversary, that mortgage was apparently considered to be in substantial compliance with Ohio law. Those decisions did not involve acknowledgment clauses and can also be interpreted as the courts having found the real property descriptions included in those mortgages to be sufficient descriptions of the land under Ohio law, including under ORC § 5302.12 providing the

Ohio statutory form of mortgages. The court has not found a single decision which holds that a defectively executed mortgage, even when it has been filed with the appropriate county recorder, places a bona fide purchaser on constructive or inquiry knowledge of the mortgage.

6.  The other cases cited by Fifth Third do not disagree with the legal proposition that a mortgage that is defectively executed and not in substantial compliance with Ohio law is considered unrecorded for bona fide purchaser analysis. *See Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243, 244 (1942) and *Dietsch v. Long*, 72 Ohio App. 349, 43 N.E.2d 906, 914–15 (1942) (stating the basic proposition that a bona fide purchaser for value must acquire its interest without constructive knowledge of competing interests in the property); *Tiller v. Hinton*, 19 Ohio St.3d 66, 482 N.E.2d 946, 949 (1985) and *Spring Lakes Ltd. v. O.F.M. Co.*, 12 Ohio St.3d 333, 467 N.E.2d 537, 540 (1984) (documents recorded in the chain of title provide notice to a prospective purchaser).

In *Thames v. Asia's Janitorial Svce., Inc.*, 81 Ohio App.3d 579, 611 N.E.2d 948, 953–54 (Ohio Ct.App.1992), the court found, when a recording statute exists, a defectively executed document is not entitled to be recorded and, therefore, cannot provide a bona fide purchaser with constructive knowledge. In *Costell v. Costell (In re Costell)*, 75 B.R. 348 (Bankr.N.D.Ohio 1987), the trustee sought to

For the foregoing reasons, Fifth Third's mortgage interest in Mr. Wahl's undivided one-half interest in the Property may be avoided by the Trustee pursuant to § 544(a)(3).

D. *The Trustee May Avoid Mr. Wahl's Granting of a Lien to Fifth Third on His Undivided One–Half Interest in the Property Through the Mortgage Pursuant to Code § 547*

The court also finds that the Trustee may avoid Fifth Third's mortgage lien on Mr. Wahl's undivided one-half interest in the Property pursuant to § 547(b).

In order for a trustee to avoid a preferential transfer of an interest in debtors' property, the trustee must show that the transfer (1) was to or for the benefit of a creditor; (2) was made on account of an antecedent debt owed by the debtor prior to the transfer; (3) was made while the debtor was insolvent; (4) occurred within ninety days of the petition date if the creditor was not an insider of the debtor (and within one year of the petition date if the creditor was an insider of the debtor);

and (5) enabled the creditor to receive more than it would have received if the transfer had not occurred and the case proceeded as a liquidation case under Chapter 7. 11 U.S.C. § 547(b); *Yoppolo v. MBNA America Bank, N.A. (In re Dilworth)*, 560 F.3d 562, 563–64 (6th Cir. 2009). The Trustee bears the burden of proving each of these requirements. 11 U.S.C. § 547(g). The Trustee has established all of these elements and, therefore, may avoid the Mortgage as a preference.

■ Fifth Third argues that the transfer occurred either when the Mortgage was executed or recorded back in 2007, which was well beyond the ninety day preference period for non-insiders. Pursuant to § 547(b)(4)(A), the transfer must have occurred "on or within 90 days before the date of filing the petition." Since the court has determined the Mortgage was not recorded in substantial compliance with Ohio law, the transfer was never properly perfected. Under such circumstances, the transfer is deemed to have occurred immediately prior to the petition date. 11 U.S.C. § 547(e)(2)(C).[7] There-

---

avoid a husband-debtor's interest in a parcel of real property that was to be transferred to his wife pursuant to a divorce decree. *Id.* at 350–51. The court determined that, to the extent the transfer was of property held in a tenancy by the entireties, the trustee would have constructive notice in his role as a hypothetical bona fide purchaser of the transfer because an entireties property cannot be transferred in Ohio without the signature of both parties. *Id.* at 353. Although the case discusses "inquiry notice" defeating a bona fide purchaser, like *Thames*, the transfer of the debtor-husband's property interest to the wife was unrecorded and only effectuated, if at all, through a divorce decree. *Id.* at 350. In *Wayne Bldg. & Loan Co. v. Yarborough*, 11 Ohio St.2d 195, 228 N.E.2d 841 (1967), paragraph one of the syllabus, the Supreme Court of Ohio determined a vendee's equitable lien for payments under an executory contract to purchase real estate is prior to a construction mortgage, if the mortgagee had notice of the

vendee's contract for purchase, and the payments were prior to the vendee's notice of the mortgage. Since the purchase contract was not recordable, this case, like *Thames*, addresses constructive knowledge in the absence of a recording statute.

7. 11 U.S.C. § 547(e)(2)(C) provides, in relevant part, that "[f]or the purposes of this section … a transfer is made … immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—(i) the commencement of the case; or (ii) 30 days after such transfer takes effect between the transferor and the transferee." *See also* 11 U.S.C. § 547(e)(1), which provides, in relevant part, that "[f]or purposes of this section … a transfer of real property … is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee[.]"; *Burks v.*

fore, the transfer of the lien interest to Fifth Third is deemed to have occurred within the ninety day preference period.

■ The other elements of § 547(b) have also been proven by the Trustee. The Trustee has established that Fifth Third is a creditor that benefited from the transfer. 11 U.S.C. § 547(b)(1). The Mortgage was granted by the Debtor on account of an antecedent debt owed prior to the transfer, the underlying promissory note, thereby meeting the requirement of § 547(b)(2). Mr. Wahl's insolvency is proven by § 547(b)(3) because the Debtor is presumed to be insolvent immediately prior to the petition date under § 547(f) and Fifth Third has not submitted any evidence or other materials under FRCP 56 to the contrary. Finally, the affidavit of the Trustee states, based on his review of the proofs of claim and potential assets, that non-priority unsecured creditors will receive less than a 100% dividend in order to show Fifth Third received more than it would have in a chapter 7 had the transfer not been made (Doc. 16, Exhibit 2). In the absence of any contradictory evidence by Fifth Third, the court determines the affidavit is sufficient to establish the § 547(b)(5) element. *See Argus Mgmt. Group v. J–Von N.A. (In re CVEO Corp.),* 327 B.R. 724, 729 (Bankr.D.De.2005); *Webster v. Scott & Reid General Contractors, Inc. (In re NETel Corp., Inc.),* 2008 WL 5071733, at * 2 (Bankr.D.D.C. Oct. 10, 2008).

Accordingly, the Trustee is entitled to summary judgment avoiding Fifth Third's mortgage interest in Mr. Wahl's undivided one-half interest in the Property pursuant to § 547.

## IV. Conclusion

For the foregoing reasons, the Chapter 7 Trustee's Motion for Summary Judgment (Adv.Doc.16) is **granted.** Fifth Third Mortgage Company's mortgage interest in Mr. Wahl's interest in the Property is avoided pursuant to 11 U.S.C. §§ 544(a)(3) and 547(b) and Mr. Wahl's undivided one-half interest in the Property is preserved for the bankruptcy estate pursuant to 11 U.S.C. § 551.[8] An order consistent with this decision will be simultaneously entered.

**IT IS SO ORDERED.**

---

*Deutsche Bank National Trust Co. (In re Betts), Order Partially Granting Plaintiff's Motion for Summary Judgment,* Adv. No. 08–1139, at * 4 (Bankr.S.D.Ohio March 26, 2009) (Discussing the application of § 547(e) in the context of a trustee seeking to avoid a mortgage due to a defective acknowledgment clause).

**8.** 11 U.S.C. § 551 states, in part, that "[a]ny transfer avoided under section ... 544 ... of this title ... is preserved for the benefit of the estate but only with respect to property of the estate." *See also* 11 U.S.C. § 550(a), which provides, in part, that "... to the extent a transfer is avoided under section 544 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from——(1) the initial transferee of such transfer was made[.]"